THE STATE, EX REL. TURPIN, APPELLANT, *v.* COURT OF COMMON PLEAS OF STARK COUNTY, APPELLEE.

(No. 40233—Decided October 5, 1966.)

*Mr. William F. Turpin,* in propria persona.
*Mr. Norman J. Putman,* prosecuting attorney, for appellee.

*Per Curiam.* Appellant filed his petition under the Post-conviction Remedy Act in September 1965. In spite of appellant's requests, the court has failed to rule on such petition. The petition has now been pending for some 12 months. As was pointed out in *State, ex rel. Vitoratos,* v. *Thomas, Judge,* 175 Ohio St. 220, although judicial discretion cannot be controlled by mandamus, the writ may issue to compel the exercise of such discretion.

In view of the nature of the Postconviction Remedy Act, the purpose of which is to correct the denial of constitutional rights of an accused, and the prejudice which would result to the accused by delay if his grounds for relief were well taken, it would appear that prompt action on such petitions should be taken by the court. The delay in the instant case in acting on the petition is excessive.

The judgment of the Court of Appeals is, therefore, reversed, and the writ of mandamus is allowed.

*Judgment reversed and writ allowed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.