THE STATE EX REL. WILSON, A.K.A. BROOKS, *v.* NEY, JUDGE.

[Cite as *State ex rel. Wilson v. Ney* (1997), 80 Ohio St.3d 1213.]

(No. 97–1854—Submitted October 20, 1997—Decided December 10, 1997.)

*Pearly L. Wilson, pro se.*

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.,* Assistant Prosecuting Attorney, for respondent.

The motion to dismiss is sustained, and the cause is dismissed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

---

LUNDBERG STRATTON, J., dissents.

---

LUNDBERG STRATTON, J., dissenting. I respectfully dissent. *Based on the record before this court,* I would grant relator Wilson's petition for a writ of procedendo.

Wilson filed a motion to abrogate sentence on July 22, 1996. On September 2, 1997, Wilson filed a petition for a writ of procedendo seeking to have this court compel respondent to rule on Wilson's motion to abrogate sentence.

The respondent court, in opposing Wilson's motion, argues that "[r]elator has completely failed to demonstrate that he has a clear legal right to have his sentences 'abrogated' and that he had no adequate remedy at law since he could appeal the judge's sentencing ruling."

The respondent court's opposition is misplaced. Wilson's motion does not ask this court to compel the respondent court to abrogate his sentence; it merely asks that "the Court below make a determination as to whether or not Relator has a right to abrogation of the sentences imposed * * *."

Further, Wilson's motion to abrogate sentence is a motion for postconviction relief pursuant to R.C. 2953.21. See *State v. Reynolds* (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus. Accordingly, Wilson has a statutory right to file that motion. A defendant has a right to a writ of procedendo when a court has unnecessarily delayed proceeding to judgment on a motion for postconviction relief. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899, 900. We have held that allowing such a motion to languish for twelve months is excessive. See *State ex rel. Turpin v. Stark Cty. Court of Common Pleas* (1966), 8 Ohio St.2d 1, 37 O.O.2d 40, 220 N.E.2d 670. In the case at bar, Wilson's motion has been pending well over a year. Accordingly, I would grant Wilson's petition for a writ of procedendo.