[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 1213.]

THE STATE EX REL. WILSON, A.K.A. BROOKS, *v.* NEY, JUDGE.

[Cite as *State ex rel. Wilson v. Ney*, 1997-Ohio-107.]

*Motion to dismiss sustained.*

(No. 97-1854—Submitted October 20, 1997—Decided December 10, 1997.)

IN PROCEDENDO.

ON MOTION TO DISMISS.

———————————

*Pearly L. Wilson, pro se.*

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for respondent.

———————————

{¶ 1} The motion to dismiss is sustained, and the cause is dismissed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} I respectfully dissent. *Based on the record before this court*, I would grant relator Wilson's petition for a writ of procedendo.

{¶ 3} Wilson filed a motion to abrogate sentence on July 22, 1996. On September 2, 1997, Wilson filed a petition for a writ of procedendo seeking to have this court compel respondent to rule on Wilson's motion to abrogate sentence.

{¶ 4} The respondent court, in opposing Wilson's motion, argues that "[r]elator has completely failed to demonstrate that he has a clear legal right to have his sentences 'abrogated' and that he had no adequate remedy at law since he could appeal the judge's sentencing ruling."

**{¶ 5}** The respondent court's opposition is misplaced. Wilson's motion does not ask this court to compel the respondent court to abrogate his sentence; it merely asks that "the Court below make a determination as to whether or not Relator has a right to abrogation of the sentences imposed * * *."

**{¶ 6}** Further, Wilson's motion to abrogate sentence is a motion for postconviction relief pursuant to R.C. 2953.21. See *State v. Reynolds* (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus. Accordingly, Wilson has a statutory right to file that motion. A defendant has a right to a writ of procedendo when a court has unnecessarily delayed proceeding to judgment on a motion for postconviction relief. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899, 900. We have held that allowing such a motion to languish for twelve months is excessive. See *State ex rel. Turpin v. Stark Cty. Court of Common Pleas* (1966), 8 Ohio St.2d 1, 37 O.O.2d 40, 220 N.E.2d 670. In the case at bar, Wilson's motion has been pending well over a year. Accordingly, I would grant Wilson's petition for a writ of procedendo.

_____