This matter comes for consideration upon the parties' briefs and the record in the trial court. Appellant Aric Skipper (hereinafter "Skipper") appeals the denial of his motion for correction of an illegal sentence by the Columbiana County Court of Common Pleas. In the alternative, Skipper seeks relief from this court through a mandamus action, to compel the trial court to issue findings of fact and conclusions of law. Because we conclude Skipper's original motion was a petition for post-conviction relief which was untimely filed, the trial court had no jurisdiction to address the petition on its merits, and, as a result no legal duty to issue findings of fact and conclusions of law. For the foregoing reasons, we dismiss Skipper's complaint for mandamus, and with regard to his appeal affirm the decision of the trial court.
On January 12, 1998, Skipper pleaded guilty to two counts of trafficking in drugs in violation of R.C. 2925.03, third degree felonies, and one count of possession of cocaine in violation of R.C.2925.11(A), a second degree felony. On March 5, 1998, Skipper was sentenced to concurrent five year incarceration terms. In addition, Skipper was ordered to be subject to "[a]ny post-release control to the extent that the Parole Board may determine as provided by law." On April 27, 2001, Skipper filed two motions captioned "delayed petition[s] for correction of an illegal sentence." On May 31, 2001, the trial court overruled both motions without issuing findings of fact or conclusions of law.
Skipper filed the instant appeal from the trial court's order overruling his motions and, in the alternative, filed a complaint with this court for mandamus relief pursuant to R.C. 2953.21. Complying with the requirements of R.C. 2731.04, the provision governing applications for writ, Skipper acknowledges the judgment entry from which he appeals is not a final appealable order and is therefore seeking a writ of mandamus requiring the trial court to finalize its opinion. The State countered the mandamus action with a motion for summary judgment arguing Skipper's petition was untimely filed. As Skipper's filing contained both his complaint for mandamus and his direct appeal, there was some confusion regarding the nature of the filing. Apparently, the presiding judge denied the motion stating it was an improper document to be filed in an appeal, advising the state it may incorporate those arguments into its appellate brief, and ordered Skipper to file a brief containing assignments of error. Thereafter, the parties both filed traditional merit appellate briefs.
Before Skipper's assignments of error can be properly addressed on their merits, we must first determine whether findings of fact and conclusions of law are necessary in this case to finalize the trial court's order. Accordingly, we will address Skipper's mandamus action first.
In State v. Mapson (1982), 1 Ohio St.3d 217, 218, 438 N.E.2d 910, the Ohio Supreme Court held that "* * * R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, and that a judgment entry filed without such findings is incomplete and it thus does not commence the running of the period for filing an appeal therefrom." As such, mandamus will lie to compel a court to proceed to final judgment in an action for post-conviction relief. See State ex rel. Ferrell v. Clark (1984), 13 Ohio St.3d 3,469 N.E.2d 843, referencing State, ex rel. Turpin v. Court of CommonPleas (1966), 8 Ohio St.2d 1, 220 N.E.2d 670.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief; (2) the respondent must have a clear legal duty to perform the requested relief; and, (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914.
Under R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred and eighty days after the expiration of the time for filing the appeal" if no direct appeal is taken from the judgment of conviction and sentence. Pursuant to App.R. 4(A), a notice of appeal must be filed within thirty days of the journalization of the judgment of conviction and sentence in a criminal case. Skipper did not file a direct appeal. Accordingly, he had two hundred and ten days from the filing of the judgment of conviction and sentence to file his petition for post-conviction relief. See R.C. 2953.21(A)(2) and App.R. 4(A). Skipper was sentenced on March 5, 1998. His petition for post-conviction relief was not filed until April 27, 2001, which was more than two hundred and ten days after the judgment of conviction and sentence was filed. Skipper's petition was clearly untimely, and Skipper conceded as much in his petition to the trial court.
Despite the untimeliness of Skipper's petition, delayed relief under R.C. 2953.23(A) may be sought. To be afforded delayed relief, however, the burden is high. Specifically, Skipper must demonstrate either 1) that he was unavoidably prevented from discovering facts upon which his petition relies; or, 2) that his petition relies on the recognition of a new federal or state right recognized by the United States Supreme Court that applies retroactively to a person in Skipper's situation. In addition to one of these two factors, Skipper must show by clear and convincing evidence that, but for the constitutional error, no reasonable trier of fact would have found him guilty of the offense for which he was convicted. State v. Hill (1998), 129 Ohio App.3d 658,661, 718 N.E.2d 978.
Skipper asserts his petition was delayed for the following reasons:
 "1) That the appended record's (sic) in support of this petition was just recently obtained from the Clerk of Court, Court of Common Pleas, Columbiana County, Ohio as indicated by the appended receipt from the clerk.
 "2) Affiant became aware of the sentencing error upon perusal and doing legal research in the referenced journal entries of sentencing."
Skipper does not allude to any "facts" outside the record either in his petition to the trial court or his complaint for a writ of mandamus to this Court. Therefore, it seems highly unlikely Skipper was "unavoidably prevented from discovering the facts" upon which his petition was based. Rather, it appears Skipper was simply unaware of the legal theories available to challenge the trial court's judgment of conviction and sentence. "Simply being unaware of the law, however, is not the same as being `unavoidably prevented from discovering the facts' upon which the petition is based." State v. Smith (Feb. 17, 2000), 8th Dist. No. 75793. See also State v. Halliwell (1999), 134 Ohio App.3d 730, 735.
The exceptions specified in R.C. 2953.23(A) do not apply to Skipper's delayed petition. Where the exceptions do not apply, the trial court has no jurisdiction to consider an untimely filed petition for post-conviction relief. See State v. Furcron (Feb. 17, 1999), 9th Dist. No. 93CA007089,; State v. Hall (Dec. 18, 1998), 2nd Dist. No. 17101,;State v. Brown (June 1, 1998), 5th Dist. No. 1997CA00363,; State v.Hanks (June 25, 1998), 10th Dist. No. 98AP-70,; State v. Thompson (Sept. 16, 1998), 3rd Dist. No. 1-98-20.
Although the trial court had no jurisdiction to entertain Skipper's untimely petition, the question still remains whether the trial court was required to issue findings of fact and conclusions of law when a petition is untimely filed. When faced with this same query, the Ninth District found an examination of the amendments to R.C. 2953.21 and 2953.23 to be instructive. See State v. Carter (Aug. 29, 2001), 9th Dist. No. 20572.
Prior to September 21, 1995, R.C. 2953.21(C) provided:
 "Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.* * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law [.]"
Markedly, the pre 1995 version of R.C. 2953.21 did not contain time limits within which a petitioner needed to file a petition for post-conviction relief. Based upon the law in effect at that time, the Ohio Supreme Court determined a trial court must issue findings of fact and conclusions of law if the trial court finds that there are no grounds for a hearing and dismisses the petition. Mapson, supra, 1 Ohio St.3d 217,218-20; State v. Lester (1975), 41 Ohio St.2d 51, paragraph two of the syllabus. In Mapson, the Ohio Supreme Court explained:
 "The obvious reasons for requiring findings are `* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.' The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." (Citations omitted.) Id. at 219.
In 1995, the General Assembly amended R.C. 2953.21 to include a time limit for filing a petition for post-conviction relief, and as a result, a petition could be dismissed without a hearing because the petition did not demonstrate "substantive grounds for relief" pursuant to R.C.2953.21(C) or that it was untimely filed pursuant to R.C. 2953.21(A)(2). Although the General Assembly did not explicitly address whether the trial court needed to issue findings of fact and conclusions of law when it dismissed a petition as untimely, the General Assembly did amend R.C.2953.23 to provide narrow exceptions for when a trial court may consider the merits of an untimely filed petition for post-conviction relief.
Accordingly, the Ninth District concluded:
 "the language and structure of R.C. 2953.21 and 2953.23, as well as the amendments to those sections, suggest that a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely petition. Moreover, the policies and rationale for requiring findings of fact and conclusions of law in dismissing a petition under R.C. 2953.21(C), as explained in Mapson, are not advanced by requiring the same findings when a trial court dismisses an untimely petition." Carter at 3.
Similarly, the Eleventh District has explained:
 "A case where the trial court dismisses a petition on the ground that it is time-barred is vastly different from the case where the trial court reviews the merits of the petition and holds that it fails to state `substantive grounds for relief.' A decision as to the merits of the petition requires findings and conclusions in order for the petitioner to make a reasoned appeal and to allow meaningful review by the appellate court. But a decision that a petition is time-barred precludes any further inquiry into its merits. The petitioner knows exactly why his petition was dismissed, and the appellate court can review the decision by looking at the filing dates of various documents in the record. Findings of fact and conclusions of law are not necessary in this situation. Making and filing them would be a useless exercise." State v. Beaver (1998), 131 Ohio App.3d 458, 464, 722 N.E.2d 1046.
Other districts have likewise held that a trial court is not required to issue findings of fact and conclusions of law pursuant to R.C. 2953.21
when the petition is untimely, for the reason that the trial court lacked jurisdiction to entertain the petition in that situation. State ex rel.Jackson v. Court of Common Pleas (Aug. 31, 2000), 8th Dist. No. 77999, at *5-7; State v. Uhl (July 17, 2000), 12th Dist. No. CA99-08-137.
We agree, and hold a trial court need not issue findings of fact and conclusions of law when a post-conviction petition is untimely filed. In the present case, the trial court did not specifically state the reason why the petition was dismissed. Although we do not find this to be the best practice for trial courts, it is apparent from the record the petition would be deemed untimely regardless of the wording of the judgment entry. Because Skipper untimely filed his petition for post-conviction relief, the trial court has no duty to issue findings of fact and conclusions of law. Accordingly, Skipper's complaint for mandamus is dismissed.
Turning to his direct appeal, Skipper advances the following assignments of error:
 "Appellant contends the court below committed prejudicial error denying his motion to correct an illegal sentence in Case No. 97-CR-292, where 1) the journal entry of sentencing does not evidence compliance with R.C. 2967.28 (B); 2) the court did not impose the `full sentence' under the dictum opined by the Ohio Supreme Court in Woods v. Telb (Ohio 2000), 733 N.E.2d 1103."
"Appellant contends the court below committed prejudicial error by ORDERING him subject to post-release control in Case No. 97-CR-152, where 1) the court failed to advise petitioner at sentencing that post-release control was apart(sic) of his sentence; 2) the court did not impose the "full sentence" under the dictum opined by the Ohio Supreme Court inWoods v. Telb, supra, effectively ordering the APA to violate the separation of powers doctrine."
 "Pursuant to R.C. 5145.01, the court below could not exceed the maximum penalty allowed for the third degree felonies when imposing a period of post-release control."
Because we have concluded Skipper's petition for post-conviction relief was untimely filed with the trial court, the trial court did not err in dismissing Skipper's petition. As this is dispositive of the instant appeal, we are precluded from addressing the merits of the assigned errors.
For the foregoing reasons, the decision of the trial court dismissing Skipper's petition for post-relief conviction is affirmed and the complaint in mandamus is dismissed.
Donofrio, J., and Waite, J., concur.