OPINION
{¶ 1} William R. Hamilton is appealing his classification by the trial court that he is a sexual predator. He had been charged with one count of rape and on the morning of the trial day he changed his plea from not guilty to guilty. After proper notice to counsel for both parties, the court conducted a sexual offender classification hearing on February 24, 2003, and orally from the bench at the conclusion of the hearing and later in his journal entry, the court classified the defendant as a sexual predator. In this appeal, represented by counsel, Hamilton assigns only the following sole error:
 {¶ 2} "THE TRIAL COURT ERRED WHEN IT FOUND WILLIAM HAMILTON TO BE A SEXUAL PREDATOR WITHOUT FOLLOWING THE REQUIREMENTS OF R.C. 2950.09. (ENTRY, MARCH 5, 2003)."
 {¶ 3} In his brief, Hamilton argues that the trial court failed to state in its journal entry that it had made a determination "pursuant to division (B) of this section."
 {¶ 4} There is no argument presented that the court failed to follow all the procedures required under R.C. 2950.09(B) other than its omission to state on the record that its determination was pursuant to that section. In fact, in its brief, the State argues that "the trial court committed no error in classifying appellant as a sexual predator because it conducted the requisite hearing under Section 2950.09(B), considered all evidence presented therein, reviewed all the factors under Section 2950.09(B)(3), and based its finding on clear and convincing evidence."
 {¶ 5} We have carefully read the transcript of the hearing, and we agree with the appellee that the trial court conducted a proper hearing pursuant to Section 2950.09 and its only omission was to state on the record that the hearing was pursuant to that section. It would be a waste of judicial resources to remand this entire case back to the trial court for the purpose of filing a new judgment entry. Instead, acting under the authority granted us in App.R. 12(B), we shall "render the judgment or final order that the trial court should have rendered" and hereby determine for the record that the hearing conducted by the trial court and its determination that Hamilton is a sexual predator was pursuant to division (B) of R.C. 2950.09.
 {¶ 6} The assignment of error is overruled, and the judgment is affirmed.
WOLFF, J. and GRADY, J., concur.