{¶ 1} This matter is before this Court upon its review of a petition for a writ of
 {¶ 2} mandamus filed by the Relator, William R. Hamilton,pro se, on June 24, 2005, against Clark County Court of Common Pleas Judge, Richard O'Neill. The Relator asks this Court to issue a writ of mandamus, directing the Respondent to render a decision on a motion that has now been pending before the Respondent for more than eleven months without resolution. To date, the Respondent has not filed an answer to the Relator's petition. As it appeared that the requirements for the issuance of a writ of mandamus were met, on October 12, 2005, we issued an Alternative Writ requiring the Respondent to either rule on the Relator's pending motion, or show cause within thirty (30) days why a writ of mandamus should not issue. To date, the Respondent has neither ruled on the Relator's pending motion or shown cause why a writ of mandamus should not issue.
 {¶ 3} As the facts and issues are the same as when we issued the Alternative Writ on October 12th, we shall recite the pertinent parts of that decision: "On March 5, 2003, following his plea of guilty to the charge of rape, the Relator was sentenced to seven years incarceration and classified as a sexual predator.[1] The Relator subsequently appealed his classification as a sexual predator to this Court, and on October 2[7], 2003, we affirmed the judgment below.[2] On December 17, 2004, the Relator filed a "Petition to Vacate and Set Aside Judgment" with the trial court. It is this petition that is the subject of the instant request for a writ of mandamus."
 {¶ 4} "To be entitled to a writ of mandamus, the petitioner must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the petitioner has no plain and adequate remedy in the ordinary course of law.State ex rel. Luna v. Huffman (1996), 74 Ohio St.3d 486, 487. Although procedendo is more appropriate, either a writ of mandamus or procedendo will issue "when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." State ex rel. Dehler v. Sutula (1995),74 Ohio St.3d 33, 35 (citations omitted)."
 {¶ 5} Presently, a review of the trial court docket reveals that the Relator's "Petition to Vacate and Set Aside Judgment" has now been pending before the trial court for over eleven months without resolution. To date, the Respondent has neither filed an answer to Relator's petition for a writ of mandamus, nor filed a response to our Alternative Writ to show cause why a writ of mandamus should not issue. Accordingly, we are satisfied that the Relator has met the requirements for the issuance of a writ of mandamus. See e.g. State ex rel. Bunting v. Haas (2004),101 Ohio St.3d 161, 2004-Ohio-2055 (writ of procedendo granted ordering trial court to rule on petition for post-conviction relief because there was no evidence that allowing motion to remain pending for one year was justified); State ex rel. Turpinv. Court of Common Pleas (1966), 8 Ohio St.2d 1 (writ of mandamus issued due to one-year delay in ruling on post-conviction petition; delay appeared to be excessive).
 {¶ 6} Upon due consideration of the foregoing, we agree with the Relator that a writ of mandamus is appropriate in this instance. Accordingly, Relator's petition for a writ of mandamus is hereby GRANTED. Respondent, Judge Richard O'Neill, is hereby ORDERED to rule on Relator's pending "Petition to Vacate and Set Aside Judgment" within thirty (30) days of the journalization of this entry. We must stress, however, that our decision to issue this writ of mandamus does not require the Respondent to decide the pending motion in a particular way, it only requires that he issue a ruling.
 {¶ 7} IT IS SO ORDERED.
Brogan, Presiding and Administrative Judge, Wolff, JR., J. and Grady, Judge.
[1] Clark County Court of Common Pleas Case No. 02-CR-0344.
[2] State v. Hamilton (Oct 27, 2003), Clark App. No. 03-CA-17, 2003-Ohio-5728.