JUDGMENT: COMPLAINT DISMISSED.
{¶ 1} Benjamin J. Wherry, Sr., has filed a petition for a writ of mandamus. Wherry requests that this court "issue a Writ of Mandamus ordering Common Pleas Clerk of the Court to respond to Plaintiff's petition motion to compel, and/or issue a Writ of Mandamus, ordering the Honorable Ronald Suster, to issue his decision concerning plaintiff's motion to compel that was filed on April 4, 2006." For the following reasons, we decline to issue a writ of mandamus on behalf of Wherry.
 {¶ 2} Wherry's complaint for a writ of mandamus is defective and must be dismissed for the following reasons. Initially, we find that Wherry's complaint is defective since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Wherry to properly caption his complaint for writ of mandamus requires dismissal. Maloney v. Court ofCommon Pleas of Allen Cty. (1962), 173 Ohio St. 226, 181 N.E.2d 270;Dunning v. Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763. In addition, Wherry has failed to name the proper respondents and did not include their addresses, so that service could be obtained upon the Clerk of the Cuyahoga County Court of Common Pleas or Judge Ronald Suster. State exrel. Sherrills v. State, 91 Ohio St.3d 133, 2001-Ohio-299,742 N.E.2d 651. Civ.R. 10(A); R.C. 2725.04(B); State ex rel. Keen v. Amberley
(1997), 80 Ohio St.3d 292, 685 N.E.2d 1247.
 {¶ 3} Further review of the complaint for a writ of mandamus discloses that Wherry has failed to comply with R.C. 2969.25 which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. Wherry's failure to comply with R.C. 2969.25 warrants the dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Bd., 82 Ohio St.3d 421,1998-Ohio-218, 696 N.E.2d 594; Alford v. Winters, 80 Ohio St.3d 285,1997-Ohio-117, 685 N.E.2d 1242.
 {¶ 4} Notwithstanding the procedural defects of the complaint and assuming that the correct parties were identified, we find that Wherry has failed to establish that he is entitled to a writ of mandamus. Wherry filed his motion to compel on April 4, 2006. As of the date of this entry, a period of not more than seven months has passed since the filing of the motion to dismiss. A lapse of seven months does not constitute an unreasonable delay which requires the intercession of this court. State ex rel. Bunting v. Hass, 102 Ohio St.3d 161,2004 Ohio 2055, 807 N.E.2d 359; State ex rel. Levin v. Sheffield Lake (1994),70 Ohio St.3d 104, 1994 Ohio 385, 637 N.E.2d 319; State ex rel. Turpin v.Stark Cty. Court of Common Pleas (1966), 8 Ohio St.2d 1, 220 N.E.2d 670.
 {¶ 5} Accordingly, we grant the motion to dismiss. Costs to Wherry. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ. R. 58(B).
Complaint dismissed.