MEMORANDUM OPINION
{¶ 1} This matter is before this court on appeal from a judgment issued by the trial court on March 19, 2007. In that judgment, the trial court ordered that "Defendant's request for ruling upon supplemented motion to withdraw guilty plea filed 2/9/07 is denied."
 {¶ 2} On May 24, 2007, appellant filed a motion for appointment of counsel to prosecute his appeal. Appellee filed an objection to the motion and a motion to dismiss *Page 2 
the appeal on May 29, 2007. On June 14, 2007, appellant responded to appellee's objection and motion to dismiss.
 {¶ 3} In support of its motion to dismiss, appellee asserts that, despite being captioned as a supplemental motion to withdraw his guilty plea, appellant actually filed what would constitute a motion for reconsideration in the trial court when he filed his second request to withdraw his guilty plea on February 9, 2007. Further, appellee argues that the denial of a motion for reconsideration of a final order is a nullity citing Pitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378, 381. Appellee additionally asserts that there is no judgment from which appellant may properly appeal and the appeal should be dismissed.
 {¶ 4} For the following reasons, we agree.
 {¶ 5} After entering a plea of guilty to two counts of trafficking in marijuana with a firearm specification and one count of having weapons while under a disability, the trial court sentenced appellant to an aggregate term of two years in prison on May 10, 2006. Appellant never initiated an appeal from that judgment. On January 11, 2007, appellant filed his first motion to withdraw his guilty plea which was denied by the trial court on February 6, 2007. No appeal was taken from that judgment either. Instead, appellant filed his supplemental motion to withdraw his guilty plea on February 9, 2007. Just over a month later, he filed a request for a ruling on the supplemental motion. The judgment of March 19, 2007 denying the request is presently before this court on appeal.
 {¶ 6} The trial court made its ruling on appellant's request to withdraw his guilty plea on February 6, 2007. This court finds no authority that would require the trial court *Page 3 
to rule on successive motions to withdraw a guilty plea. If appellant was dissatisfied with the trial court's initial ruling, he could have appealed it within thirty days from the order. See State v. Sneed, 8th Dist. No. 84964, 2005-Ohio-1865. Also, in filing a supplemental motion to withdraw his guilty plea, appellant was essentially asking the trial court to reconsider its previous order denying the same. As indicated by appellee, pursuant to Pitts, the filing of a motion for reconsideration from a final order is a nullity; and, therefore, is not appealable. In fact, in Pitts, supra, the Supreme Court of Ohio stated that an application for reconsideration is simply a legal fiction after a final judgment has been entered. Id. at 381. In the present case, a final order was entered on the motion to withdraw the guilty plea, and no appeal was sought. The filing of a supplemental motion, after a final judgment had already been entered, was merely a request for reconsideration.
 {¶ 7} Since there is no judgment from which appellant can properly appeal, appellee's motion to dismiss is granted. Appeal dismissed.
DIANE V. GRENDELL, J., concurs,
COLLEEN MARY OTOOLE, J., concurs in judgment only with Concurring Opinion.