JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Eric Aleman, appeals the trial court's denial of his motion to vacate judgment. For the following reasons, we dismiss the appeal.
 {¶ 2} In 1995, Aleman pled guilty to two counts of aggravated murder and one count each of kidnapping and aggravated robbery. He was sentenced to life imprisonment.
 {¶ 3} Aleman did not file a direct appeal. In 2006, he moved to file a delayed appeal, which was denied. State v. Aleman (June 28, 2006), Cuyahoga App. No. 88181.
 {¶ 4} In April 2008, Aleman moved to withdraw his guilty plea and vacate his sentence, which the trial court denied that same month. Instead of appealing the denials, he filed a motion to "vacate and reenter judgment" on June 4, 2008, which the trial court also denied.
 {¶ 5} Aleman filed a pro se appeal of the trial court's June decision, arguing in his sole assignment of error that the trial court abused its discretion in denying his motion to vacate and reenter judgment.
 {¶ 6} Aleman claims that he did not receive notice of the trial court's April denial of his motion to withdraw his guilty plea and vacate his sentence; thus, he missed the time to appeal. However, he failed to move for a delayed appeal from those motions. Therefore, the motions to withdraw his guilty pleas and vacate his sentence are not properly before this court. *Page 4 
 {¶ 7} Aleman's motion to "vacate and reenter judgment" is essentially a motion for the trial court to reconsider its judgment. However, a motion for reconsideration of a final order is a nullity. Pitts v. Dept.of Transp. (1981), 67 Ohio St.2d 378, 381, 423 N.E.2d 1105. InPitts, the Ohio Supreme Court stated that an application for reconsideration is a legal fiction after a final judgment has been entered. Id. at 381. In filing a motion to vacate and reenter judgment on his previous motions, Aleman was essentially asking the trial court to reconsider its previous order denying the same. See State v.Cox, Trumbull App. No. 2007-T-0042, 2007-Ohio-4378. The filing of a supplemental motion after a final judgment has already been entered is merely a request for reconsideration, and is therefore not appealable.
 {¶ 8} A final order was entered on the motion to withdraw the guilty plea, and no appeal was sought. If Aleman was dissatisfied with the trial court's initial ruling, he could have appealed it within thirty days under App. R. 3 and 4. See State v. Sneed, Cuyahoga App. No. 84964,2005-Ohio-1865. Because Aleman missed the thirty-day requirement with respect to the denial of his motion to withdraw guilty plea, he could have sought leave to file a delayed appeal under App. R. 5(A). But Aleman did not file a motion for a delayed appeal.
 {¶ 9} Although Aleman argues that he did not receive notice of the trial court's decision, the burden is on the parties to follow the progress of their case. Cardinal Fed. Sav. Bank v. Bambeck (Feb. 6, 1986), Cuyahoga App. No. 50093, citing *Page 5 Zerovnik v. E.F. Hutton and Company, Inc. (June 7, 1984), Cuyahoga App. No. 47460. Pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. State v. Zuranski, Cuyahoga App. No. 85091, 2005-Ohio-3015. Aleman was under the duty to periodically check the docket and should not be afforded special consideration based upon his status as a pro se litigant.
 {¶ 10} Because Aleman seeks to appeal from a legal fiction, a motion to vacate and reenter judgment, we dismiss his appeal.
Appeal dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., AND JAMES D. SWEENEY, J.*, CONCUR.
* SITTING BY ASSIGNMENT: JUDGE JAMES D. SWEENEY, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS. *Page 1