JOURNAL ENTRY AND OPINION
{¶ 1} Floyd Rose has filed a complaint for a writ of procedendo and a writ of mandamus. Rose seeks an order from this court, which requires Judge Timothy J. McGinty to issue a ruling with regard to a "motion to correct void sentence pursuant to Criminal Rule 47 and conduct a proper sentencing hearing pursuant to O.R.C. 2929.191" as filed in State v.Rose, Cuyahoga County Court of Common Pleas Case No. CR-07-492008-B. In addition, Rose seeks an order from this court, which requires Judge McGinty to render a ruling with regard to a motion to withdraw a plea of guilty and to further "issue a final order *Page 3 
representing what occurred at the sentencing hearing providing the Relator his due process right to appeal his criminal conviction and sentencing." Judge McGinty has filed a motion for summary judgment, which we grant for the following reasons.
 {¶ 2} Initially, we find that Rose has failed to comply with the mandatary requirements of Loc. App. R. 45(B)(1), which mandates that his complaint "must be supported by an affidavit from the plaintiff or relator specifying the details of the claim." The affidavit attached to Rose's complaint, however, is defective since it simply states that "the factual allegations contained herein are true to the best of my knowledge as I verily believe." Rose's employment of this conclusory statement does not comply with the Loc. App. R. 45 (B) (1) requirement that the affidavit must specify the details of the claim. State ex rel.Santos v. McDonnell, Cuyahoga App. No. 90659, 2008-Ohio-214; Turner v.Russo, Cuyahoga App. No. 87852, 2006-Ohio-4490; Barry v. Galvin, Cuyahoga App. No. 85990, 2005-Ohio-2324.
 {¶ 3} In addition, we find that Rose has failed to establish that he is entitled to a writ of procedendo vis-a-vis the pending motion to correct void sentence. Rose filed his motion to correct on August 8, 2008. As of the date of this entry, a period of less than six months has passed since the filing of his motion to correct void sentence. A lapse of six months does not constitute an *Page 4 
unreasonable delay, which necessitates the intercession of this court.Wherry v. State, Cuyahoga App. No. 88779, 2006-Ohio-6405. See, also,State ex rel. Bunting v. Haass, 102 Ohio St.3d 161, 2004-Ohio-2055,807 N.E.2d 359; State ex rel. Sherrills v. Cuyahoga Cty. Court of CommonPleas (1995), 72 Ohio St.3d 461, N.E.2d 899; State ex rel. Levin v.Sheffield Lake (1994), 70 Ohio St.3d 104, 1994-Ohio-385, 637 N.E.2d 319;State ex rel. Turpin v. Stark Cty. Court of Common Pleas (1966),8 Ohio St.2d 1, 220 N.E.2d 670.
 {¶ 4} We also find that Rose is not entitled to a writ of mandamus. In support of his claim for a writ of mandamus, Rose argues that the sentencing journal entry, as journalized on March 27, 2007, is defective since it fails to contain post-release control language as required by R.C. 2967.28 and also fails to contain any disposition of the motion to withdraw the plea of guilty. Rose seeks an order which requires Judge McGinty to enter a sentencing judgment entry that contains post-release control language and also disposes of the motion to withdraw the plea of guilty.
 {¶ 5} In order for this court to issue a writ of mandamus, Rose must demonstrate that: (1) he possesses a clear legal right to a sentencing journal entry that contains post-release control language and a disposition of the motion to withdraw guilty plea; (2) Judge McGinty possesses the legal duty to issue a sentencing journal entry that contains post-release control language and a *Page 5 
disposition of the motion to withdraw guilty plea; and (3) there exists no other adequate remedy in the ordinary course of the law. State exrel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 374 N.E.2d 641;State ex rel. National City Bank v. Bd. of Edn. (1977),52 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 6} The trial court's journal entry of March 27, 2007, clearly provides that "post release (sic) control is part of this prison sentence for 3 years for the above felony(s) under R.C. 2967.28." Thus, Judge McGinty has complied with his duty pursuant to R.C. 2967.28. It must also be noted that any alleged sentencing errors should have been addressed through a direct appeal and mandamus is not the appropriate remedy under the facts pertinent to this action. State v. Aleman, Cuyahoga App. No. 91726, 2009-Ohio-217; State v. Cox, Trumbull App. No. 2007-T-0042, 2007-Ohio-4378.
 {¶ 7} Finally, a review of the docket, in State v. Rose, supra, clearly demonstrates that Judge McGinty denied Rose's motion to withdraw guilty plea on September 14, 2007. Thus, Rose's request for a writ of mandamus is moot. State ex rel. Jerninghan v. Cuyahoga Cty. Court ofCommon Pleas, 74 Ohio St.3d 278, 1996-Ohio-278, 658 N.E.2d 723;State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163.
 {¶ 8} Accordingly, we grant Judge McGinty's motion for summary judgment. Costs to Rose. It is further ordered that the Clerk of the Eighth *Page 6 
District Court of Appeals serve notice of this judgment upon all parties as required by Civ. R. 58(B).
Writ denied.
 JAMES J. SWEENEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR. *Page 1