THE STATE, EX REL. CORRIGAN, PROS. ATTY., APPELLANT, *v.* LAWTHER, JUDGE, APPELLEE.

[Cite as State, ex rel. Corrigan, *v.* Lawther (1988), 39 Ohio St. 3d 157.]

(No. 87-1760—Submitted August 19, 1988—Decided October 19, 1988.)

*John T. Corrigan,* prosecuting attorney, and *Thomas J. Sammon,* for appellant.

*Thomas M. Shaughnessy, Walsh & Doughten Co., L.P.A.,* and *David L. Doughten,* for appellee.

*Per Curiam.* Appellant argues that, because he sought leave to appeal the suspension of sentence under R.C. 2945.67, and leave was denied, he had no further remedy at law.

However, appellant could have appealed the denial of leave to appeal to this court. R.C. 2953.14 allows the state to seek review of an adverse judgment of a court of appeals:

"Whenever a court superior to the trial court renders judgment adverse to the state in a criminal action or proceeding, the state * * * may institute an appeal to reverse such judgment in the next higher court. * * *"

Because appellant could have appealed under R.C. 2953.14, he had an adequate remedy at law. See *State, ex rel. Zoller,* v. *Talbert* (1980), 62 Ohio St. 2d 329, 16 O.O. 3d 391, 405 N.E. 2d 724; *State, ex rel. Leis,* v. *Outcalt* (1980), 62 Ohio St. 2d 331, 16 O.O. 3d 392, 405 N.E. 2d 725 (appeal is adequate remedy for claimed error in sentencing).

Mandamus does not lie herein and the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.