[This opinion has been published in *Ohio Official Reports* at 68 Ohio St.3d 507.]

THE STATE EX REL. HILL, APPELLANT, *v.* NIEHAUS, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Hill v. Niehaus*, 1994-Ohio-45.]

*Courts—Trial court has authority to resolve disputes and correct factual errors in a trial record, including disputes over when a verdict form was filed or the effect of a document being filed late.*

(No. 93-1187—Submitted January 11, 1994—Decided March 23, 1994.)

APPEAL from the Court of Appeals for Hamilton County, No. C-930266.

_____

{¶ 1} The facts are stated as alleged in the petition. In 1991, a Hamilton County jury convicted Genesis Hill, relator-appellant, of two counts of aggravated murder with death specifications as well as aggravated burglary and kidnapping. According to the trial transcript, on November 22, 1991, the jury announced its recommendation of the death penalty. On December 11, 1991, respondent-appellee Richard A. Niehaus, a Hamilton County common pleas court judge, sentenced Hill to death on the aggravated murder counts and terms of imprisonment for the burglary and kidnapping.

{¶ 2} Thereafter, Hill appealed his convictions and death sentence, and that case is still pending in the court of appeals. According to the court records, the jury's sentence recommendation was date-stamped as filed on November 19, although the penalty hearing did not begin until November 20 and concluded on November 22, 1991. Also, Judge Niehaus failed to file his death-sentence opinion as required by R.C. 2929.03(F).

{¶ 3} Respondent-appellee Joseph Deters, then Hamilton County Clerk of Courts, was responsible for the court records. Deters is now the Prosecuting Attorney of Hamilton County.

**{¶ 4}** On April 6, 1993, Hill filed this original mandamus and prohibition action in the court of appeals. The prosecuting attorney had filed earlier in the trial court a "Motion to Correct the Record and Request to Refile Sentencing Opinion." In that motion, the prosecutor asserted that because of a clerical error, the sentencing verdict form reflected a November 19 filing date rather than the true filing date of November 22, 1991. After that motion, Judge Niehaus filed a sentencing opinion.

**{¶ 5}** In his mandamus and prohibition complaint, Hill asked the court of appeals to (a) command the prosecutor to withdraw his motion, (b) prohibit Judge Niehaus from granting or holding a hearing on the prosecutor's motion, (c) strike from the record Judge Niehaus's sentencing opinion in Hill's case, and (d) prohibit Judge Niehaus from filing a sentencing opinion in Hill's case.

**{¶ 6}** The prosecutor moved to dismiss Hill's complaint because Hill had an adequate legal remedy by raising these issues in his pending appeal. In fact, Hill had done so. The court of appeals agreed and dismissed the complaint.

**{¶ 7}** The cause is now before this court upon an appeal as of right.

———————————

*H. Fred Hoefle*, *Kenneth J. Koenig* and *Chuck Stidham*, for appellant.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Christian J. Schaefer*, Assistant Prosecuting Attorney, for appellees.

———————————

**Per Curiam.**

**{¶ 8}** The court of appeals did not err in dismissing Hill's mandamus and prohibition complaint. The trial court has authority to resolve disputes and correct factual errors in a trial record, including disputes over when a verdict form was filed or the effect of a document's being filed late. See *State v. Schiebel* (1990), 55 Ohio St.3d 71, 81, 564 N.E.2d 54, 66; *Reichert v. Ingersoll* (1985), 18 Ohio St.3d

220, 222, 18 OBR 281, 283, 480 N.E.2d 802, 805. App.R 9(E) specifically provides:

"(E) Correction or Modification of the Record.

"* * * If anything material * * * is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the *trial court, either before or after the record is transmitted* to the court of appeals, * * * may direct that the omission or misstatement be corrected[.]" (Emphasis added.)

{¶ 9} Additionally, Hill can secure neither mandamus nor prohibition because he already has an adequate legal remedy to raise those issues in his pending capital case. See R.C. 2731.05; *State v. Martin* (1985), 19 Ohio St.3d 122, 132, 19 OBR 330, 338-339, 483 N.E.2d 1157, 1166; *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 199, 616 N.E.2d 909, 920-921.

{¶ 10} We have also stressed the parties' responsibility to correct trial records through App. R. 9(C) and 9(E). See *State v. Tyler* (1990), 50 Ohio St.3d 24, 41, 553 N.E.2d 576, 596; *State v. Brewer* (1990), 48 Ohio St.3d 50, 60, 549 N.E.2d 491, 501-502. As do all counsel, counsel representing criminal defendants have an obligation not to file separate and multiplicitous lawsuits when issues can be addressed in pending litigation. See Civ.R. 11; DR 7-102(A)(1) and (2); *Disciplinary Counsel v. Leyshon* (1994), 68 Ohio St.3d 202, 625 N.E.2d 602; *Disciplinary Counsel v. Cox* (1991), 58 Ohio St.3d 124, 568 N.E.2d 1219; *Stark Cty. Bar Assn. v. Russell* (1990), 52 Ohio St.3d 211, 556 N.E.2d 499.

{¶ 11} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

———————————