CHILDERS, APPELLANT, *v.* WINGARD, WARDEN, APPELLEE.

[Cite as *Childers v. Wingard* (1998), 83 Ohio St.3d 427.]

(No. 98–1405—Submitted September 29, 1998—Decided October 28, 1998.)

*Thomas J. Childers, pro se.*

**Per Curiam.**  Childers asserts that the court of appeals erred in dismissing his petition.  For the following reasons, however, the court of appeals properly dismissed the habeas corpus petition.

First, Childers has or had adequate remedies at law by appeal or postconviction relief to review the alleged sentencing error.  *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 450, 674 N.E.2d 1383, 1383.  Sentencing errors are not jurisdictional and are not cognizable in habeas corpus.  *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038, 1039.

Second, Childers has already raised an analogous claim of sentencing error in his direct appeal.  Where a plain and adequate remedy at law has been unsuccessfully invoked, extraordinary relief is not available to relitigate the same issue.  See *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463.

Finally, *res judicata* barred Childers from filing successive habeas corpus petitions.  *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244.  Childers's previous habeas corpus petition had been dismissed by the court of appeals.  See *VanBuskirk v. Wingard* (1997), 80 Ohio St.3d 659, 687 N.E.2d 776, where we affirmed the dismissal of Childers's petition.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.