Smith, Appellant, v. Walker, Warden, Appellee.

[Cite as *Smith v. Walker* (1998), 83 Ohio St.3d 431.]

(No. 98–1036—Submitted September 29, 1998—Decided October 28, 1998.)

*Paul Douglas Smith, pro se.*

*Betty D. Montgomery,* Attorney General, and *Karen L. Killian,* Assistant Attorney General, for appellee.

*Per Curiam.* Smith asserts in his sole proposition of law that the court of appeals erred in dismissing his petition based on the *in forma pauperis* requirements set forth in R.C. 2969.25 for inmates filing civil actions against a government entity or employee. Smith's assertion lacks merit because even if the court of appeals' rationale was incorrect, dismissal was warranted for the following reasons. See *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 474, 692 N.E.2d 198, 204, fn. 1.

First, Smith had adequate remedies at law by appeal or postconviction relief to review the alleged sentencing error. *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 450, 674 N.E.2d 1383. Sentencing errors are not jurisdictional. *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038, 1039.

Second, *res judicata* precluded Childers from filing successive habeas corpus petitions. *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244.

Based on the foregoing, the court of appeals properly dismissed Smith's petition. By so holding, as we have held in comparable cases, we need not

address the issue of whether R.C. 2969.25 applies to habeas corpus actions. Cf. *State ex rel. Crigger v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 270, 271, 695 N.E.2d 254, 255; *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285, 286, 685 N.E.2d 1242, 1242–1243. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.