OPINION
Petitioner-appellant, Roderick Rideau, appeals a Warren County Court of Common Pleas decision dismissing his petition for writ of habeas corpus. The decision of the trial court is affirmed.
Appellant filed a petition for a writ of habeas corpus on March 29, 2000. Respondent-appellee, Harry K. Russell, filed a motion to dismiss. On June 14, the trial court filed a decision entry stating that "the motion to dismiss will be granted" and directing appellee's counsel to file the appropriate judgment entry. On June 22, appellant moved the court to reconsider its decision. The trial court filed an "Entry Granting Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus" on June 30. Appellant appeals, raising the following assignment of error:
 IT WAS AN ABUSE OF DISCRETION AMOUNTING TO ERROR FOR THE COURT BELOW TO DISMISS THE APPLICATION ON PROCEDURAL GROUNDS WITHOUT GRANTING APPELLANT SUFFICIENT LEAVE TO CORRECT THE PROCEDURAL DEFICIENCIES.
 The trial court dismissed appellant's petition for writ of habeas corpus for three reasons, which were set forth in the June 14 entry. First, the trial court found that the petition for writ of habeas corpus was not signed and verified as required by R.C. 2725.04. Second, the trial court determined that the petition had been filed by an attorney who was not authorized to practice law in the state of Ohio. Third, the trial court noted that the petition did not contain a description of each civil action or civil appeal filed by the petitioner in the past five years in accordance with R.C 2969.25.
After the trial court's June 14 entry, appellant's counsel assured the court that appellant would sign and verify his petition for writ of habeas corpus, as required by R.C. 2725.04. Appellant's counsel also filed an affidavit stating that he had already appeared pro hac vice in this case in the Court of Appeals of Montgomery County and the Supreme Court of Ohio, and, if necessary would apply for pro hac vice status with Warren County. Finally, appellant filed an affidavit stating that he had not filed any civil lawsuits or civil appeals in the past five years.
Nevertheless, the trial court dismissed the petition for writ of habeas corpus. On appeal, appellant argues that the trial court erred by dismissing his petition on purely procedural grounds that appellant's counsel was attempting to remedy.
R.C. 2725.04 states the following:
 Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 (A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 (B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 (C) The place where the prisoner is so imprisoned or restrained, if known;
 (D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.
 In order to withstand a dismissal, a petition for writ of habeas corpus must be signed and verified as required by R.C. 2725.04. See Russell v. Mitchell
(1999), 84 Ohio St.3d 328, 329; Orr v. Mack (1998), 83 Ohio St.3d 429, 430. Failure to comply with R.C. 2725.04 is fatal to the habeas corpus petition and cannot be remedied by a memorandum in opposition to motion to dismiss or a post-judgment motion. See Boyd v. Money (1998), 82 Ohio St.3d 388, 389, citing Cornell v. Schotten (1994), 69 Ohio St.3d 466, 466-467.
Appellant's petition for writ of habeas corpus was not signed and verified. Therefore, the trial court's dismissal of appellant's petition for writ of habeas corpus was justified, based upon appellant's failure to follow R.C. 2725.04.[1]
Appellant further argues that because the dismissal of his petition was based solely on procedural grounds, a successive petition for writ of habeas corpus should not be barred by res judicata. The issue of whetherres judicata would preclude a successive petition by appellant that properly adheres to the statutory requirements for an application for writ of habeas corpus is not ripe for review, as such a petition has not yet been filed by appellant or ruled upon by the trial court.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] Because we find that appellant's failure to follow R.C. 2725.04
warranted dismissal of the petition, we need not review the other two grounds upon which the trial court based its dismissal. See Smith v.Walker (1998), 83 Ohio St.3d 431, 432-433.