OPINION
Petitioner-appellant Jon L. Dennis ("Dennis") brings this appeal from the judgment of the Court of Common Pleas of Marion County granting the State's motion to dismiss Dennis's petition for habeas corpus relief.
On May 20, 1999, Dennis entered a guilty plea to one count of rape in violation of R.C. 2907.02(A)(1)(b). This plea was the result of a plea negotiation between Dennis and the State which resulted in Dennis being sentenced to five years in prison. On September 18, 2000, Dennis filed a petition for a writ of habeas corpus claiming that his confinement was illegal because the complaint was defective. The State filed a motion to dismiss on July 12, 2001. Dennis then filed a motion for summary judgment on September 10, 2001. On January 17, 2002, the trial court denied the motion for summary judgment and granted the motion to dismiss. It is from this judgment that Dennis appeals.
Dennis's appellate brief apparently raises the following assignments of error. Dennis claims that the trial court erred in granting the motion to dismiss because the State did not file a timely response to his petition. Dennis next claims that the trial court erred in applying R.C. 2996.25 to petitions for habeas corpus. Finally, Dennis claims that his conviction was improper because the complaint and information lack an essential element, the State used a felony information rather than an indictment, and the journal entry has the wrong heading.
Dennis's first complaint is that the State did not file a timely response to his petition for habeas corpus relief. Service was perfected on the State on June 29, 2001. The State filed it's motion to dismiss the petition on July 12, 2001. On July 17, 2001, the trial court ordered that Dennis file his memorandum contra to the motion to dismiss by August 10, 2001, and that the State file any reply by August 24, 2001. The State did not file its reply until August 30, 2001. Dennis, however, does not set forth any reasons as to why this is prejudicial. We find that the trial court has the inherent authority to control its docket. This includes the authority to grant time extensions for filings with or without motion. Absent a showing of prejudice we do not find that the trial court abused its authority. Thus, the first assignment of error is overruled.
Habeas corpus petitions may only be granted for nonjurisdictional claims if the petitioner has no adequate remedy at law. State ex rel.Massie v. Rogers (1997), 77 Ohio St.3d 449, 674 N.E.2d 1383. In this case, the basis of Dennis's petition for habeas corpus were alleged improprieties in the bill of information, the complaint, and the journal entry. These are all matters that could have been raised upon direct appeal. Thus, there is an adequate remedy at law. If there is an adequate remedy at law, then the trial court does not err by dismissing the petition for habeas corpus relief. Smith v. Walker (1998),83 Ohio St.3d 431, 700 N.E.2d 592. Since, the dismissal of the petition for a writ of habeas corpus was proper, we need not address the question of whether R.C. 2969.25 applies to habeas corpus actions. Id. The remaining assignments of error are overruled.
The judgment of the Court of Common Pleas of Marion County is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.