THE STATE EX REL. JAFFAL, APPELLANT, v. CALABRESE, JUDGE, APPELLEE.

[Cite as *State ex rel. Jaffal v. Calabrese,*
105 Ohio St.3d 440, 2005-Ohio-2591.]

(No. 2004–2103—Submitted April 26, 2005—Decided June 8, 2005.)

———————

**Per Curiam.**

{¶ 1} On October 15, 2004, appellant, Ahmad A. Jaffal, filed a petition in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel appellee, Judge Anthony Calabrese Jr. of the Cuyahoga County Court of Com-

mon Pleas,[1] to vacate his criminal sentence and resentence him. According to Jaffal, he pleaded guilty to conspiracy to commit aggravated murder and conspiracy to commit aggravated arson and, on August 28, 2002, was sentenced by Judge Calabrese to two concurrent prison terms of eight years. Jaffal claimed that although Judge Calabrese had had jurisdiction over his criminal case and had sentenced him in accordance with R.C. 2929.14(A)(1) and (B), those sentencing statutes were unconstitutional based on *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (which applies the rule expressed in *Apprendi*). Judge Calabrese moved to dismiss the petition.

{¶ 2} On December 6, 2004, the court of appeals granted Judge Calabrese's motion and dismissed the petition.

{¶ 3} This cause is now before the court upon Jaffal's appeal as of right.

{¶ 4} Jaffal asserts that the court of appeals erred in dismissing his mandamus petition. Upon consideration, we find that Jaffal's assertion lacks merit.

{¶ 5} "Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law." *State ex rel. Ullmann v. Hayes,* 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8. Sentencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ. See, generally, *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038 (habeas corpus); *Smith v. Warren* (2000), 89 Ohio St.3d 467, 468, 732 N.E.2d 992 (prohibition); *State ex rel. Corrigan v. Lawther* (1988), 39 Ohio St.3d 157, 158, 529 N.E.2d 1377 (mandamus). Jaffal has or had adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error. See *Smith v. Walker* (1998), 83 Ohio St.3d 431, 432, 700 N.E.2d 592; *Childers v. Wingard* (1998), 83 Ohio St.3d 427, 428, 700 N.E.2d 588.

{¶ 6} Moreover, as Jaffal conceded in his petition, Judge Calabrese was authorized by R.C. 2929.14 to impose the sentence that he did. See *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 430–431, 751 N.E.2d 472 (mandamus would not issue to challenge judgment because trial court judge did not patently and unambiguously lack jurisdiction when he had basic statutory jurisdiction).

{¶ 7} Finally, " '[c]onstitutional challenges to legislation are generally resolved in an action in a common pleas court rather than in an extraordinary writ action * * *.' " *State ex rel. Satow v. Gausse–Milliken,* 98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289, ¶ 18, quoting *Rammage v. Saros,* 97 Ohio St.3d 430, 2002-Ohio-6669, 780 N.E.2d 278, ¶ 11. Because Jaffal has or had adequate remedies in

---

1. Appellee's merit brief in this appeal was due March 9, 2005, but none was filed.

the ordinary course of law to raise his claims, we need not address constitutional issues concerning *Blakely* and *Apprendi*. See *State ex rel. Mason v. Griffin,* 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644, ¶ 20 (courts decide constitutional issues only when absolutely necessary).

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Ahmad A. Jaffal, pro se.