JIMISON, APPELLANT, *v.* WILSON, WARDEN, APPELLEE.

[Cite as *Jimison v. Wilson,* 106 Ohio St.3d 342, 2005-Ohio-5143.]

(No. 2005–1013—Submitted August 23, 2005—Decided October 12, 2005.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus.

{¶ 2} In October 2000, the Richland County Common Pleas Court convicted appellant, Eric A. Jimison, of gross sexual imposition and sentenced him to five years of community control. The trial court notified Jimison that any violation of the conditions of community control "will lead to a more restrictive sanction up to a prison term of 5 years."

{¶ 3} In July 2003, after conducting a hearing at which Jimison was represented by counsel, the trial court determined that Jimison had committed six violations of the conditions of his community control and sentenced him to a three-year prison term. Evidently, Jimison did not appeal his sentence.

{¶ 4} In September 2004, we decided *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, and held at the syllabus:

{¶ 5} "1. Pursuant to R.C. 2929.19(B)(5), a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing. (*State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, applied and followed.)

{¶ 6} "2. Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation."

{¶ 7} In April 2005, Jimison filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel appellee, Warden Julius Wilson of Richland Correctional Institution, to immediately release him from prison based on *Brooks* and R.C. 2929.19(B)(5). Wilson moved to dismiss. In May 2005, the court of appeals dismissed the petition.

{¶ 8} We affirm the judgment of the court of appeals for the following reasons.

{¶ 9} First, "[s]entencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ." *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5. Jimison "has or had adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error." Id., citing *Smith v. Walker* (1998), 83 Ohio St.3d 431, 432, 700 N.E.2d 592. Consistent with our decision today,

*Womack v. Warden,* Belmont App. No. 04 BE 58, 2005-Ohio-1344, 2005 WL 678766, held that habeas corpus is not the proper remedy to review a claimed *Brooks* violation based upon a lack of notification concerning a specific prison sentence to be received if community-control terms were violated.

{¶ 10} Notably, in *Brooks* and related cases, see, e.g., *State v. Fraley,* 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, the claims that Jimison raises here were raised by way of appeal rather than in an action for an extraordinary writ.

{¶ 11} Second, " '[w]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in proceeding is only error in the 'exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance.' " *State v. Filiaggi* (1999), 86 Ohio St.3d 230, 240, 714 N.E.2d 867, quoting *In re Waite* (1991), 188 Mich.App. 189, 200, 468 N.W.2d 912. Errors in the exercise of jurisdiction should be raised on direct appeal instead of in habeas corpus. See *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, syllabus. Common pleas courts have general subject-matter jurisdiction over crimes and offenses committed by adults. Id. at ¶ 13; R.C. 2931.03; Section 4(B), Article IV, Ohio Constitution. These courts are also authorized to impose community-control sanctions. R.C. 2929.15(A)(1). Therefore, the claimed defect is not cognizable in habeas corpus.

{¶ 12} Third, in *Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, at paragraph one of the syllabus, we relied upon our decision in *Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. We recently rejected an inmate's reliance on *Comer* in a mandamus action because he had no right to have *Comer* retroactively applied to his case when his convictions had already become final. See *Ali v. State,* 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6–7 ("A new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies"). No case involving Jimison was pending when we decided *Brooks*, since he had not timely appealed his July 2003 sentence.

{¶ 13} Based on the foregoing, we affirm the judgment of the court of appeals. Jimison is not entitled to the requested extraordinary relief in habeas corpus.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Eric A. Jimison, pro se.

Jim Petro, Attorney General, and Stuart A. Cole, Assistant Attorney General, for appellee.