JOURNAL ENTRY AND OPINION
{¶ 1} Ricardo Leon has filed a complaint for a writ of procedendo and/or mandamus. Leon seeks an order from this court requiring the Cuyahoga County Court of Common Pleas, in State v. Leon, Case No. CR-417335, to rule on his "motion for resentencing" and to issue a corrected sentence which includes "a mandatory term of post-release control." The common pleas court has filed a motion for summary judgment, which we grant for the following reasons.
 {¶ 2} Initially, we find that the affidavit attached to Leon's complaint is defective. Loc. App. R. 45(B)(1) mandates that the complaint "must be supported by an affidavit from the plaintiff or relator specifying the details of the claim." The *Page 3 
affidavit attached to Leon's complaint, however, is defective because it simply states that "I, Ricardo Leon, have read the foregoing Complaint/Petition for Writs of Mandamus and/or Procedendo, and declare that the foregoing is true and correct to the best of my knowledge, recollection, and belief." Leon's employment of this conclusory statement does not comply with the Loc. App. R. 45(B)(1) requirement that the affidavit must specify the details of the claim. State ex rel.Santos v. McDonnell, Cuyahoga App. No. 90659, 2008-Ohio-214; Turner v.Russo, Cuyahoga App. No. 87852, 2006-Ohio-4490; Barry v. Galvin, Cuyahoga App. No. 85990, 2005-Ohio-2324.
 {¶ 3} Notwithstanding the aforesaid procedural defect, we find that Leon's request for a writ of procedendo is moot. Attached to the common pleas court's motion for summary judgment is a copy of a judgment entry journalized on June 2, 2008, demonstrating that the court has ruled on Leon's motion for resentencing. Thus, Leon is not entitled to a writ of procedendo. State ex rel. Jerninghan v. Cuyahoga Cty. Court of CommonPleas, 74 Ohio St.3d 278, 1996-Ohio-278, 658 N.E.2d 723; State ex rel.Gantt v. Coleman (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163.
 {¶ 4} Finally, this court cannot issue a writ of mandamus because Leon possesses or possessed an adequate remedy at law through an appeal of the order denying his motion for resentencing. Mandamus is not the appropriate remedy under the facts pertinent to this action. State v.Aleman, Cuyahoga App. No. 91726, 2009-Ohio-217; State v. Cox, Trumbull App. No. 2007-T-0042, 2007-Ohio-4378. *Page 4 
See, also, State ex rel. Hill v. Niehaus, 68 Ohio St.3d 507,1994-Ohio-45, 628 N.E.2d 1376; State ex rel. Corrigan v. Lawther (1988),39 Ohio St.3d 157, 529 N.E.2d 1377.
 {¶ 5} Accordingly, we grant the motion for summary judgment. Costs to Leon. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ. R. 58(B).
Writ denied.
ANN DYKE, J., and JAMES J. SWEENEY, J., CONCUR *Page 1