BOWEN *v.* SHELDON, WARDEN.

[Cite as *Bowen v. Sheldon*, 124 Ohio St.3d 551, 2010-Ohio-921.]

*Petition for writ of habeas corpus — Cause dismissed.*

(No. 2010-0077 — Submitted February 16, 2010 — Decided March 16, 2010.)

IN HABEAS CORPUS

_____

{¶ 1} This cause is before the court upon a petition for a writ of habeas corpus of Dusten I. Bowen.  Sua sponte, the cause is dismissed.

MOYER, C.J., and LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

O'CONNOR, J., concurs separately.

PFEIFER, J., dissents and would grant the writ.

LANZINGER, J., dissents and would order a return on the writ.

_____

**O'CONNOR, J., concurring.**

{¶ 2} Because Dusten Bowen has an adequate remedy at law, I concur in the decision to dismiss his habeas corpus petition.  I am compelled to write separately, however, to explain my disagreement with Justice Lanzinger's conclusion.

{¶ 3} Bowen pleaded guilty to unlawful sexual conduct with a minor, a fourth-degree felony.  The trial court's August 20, 2003 sentencing entry states:

{¶ 4} "Defendant is notified that after prison release the Parole Board may impose a period of post release control and any violation of post release control conditions may result in the Adult Parole Authority of Parole Board imposing a more restrictive or longer control sanction, or return Defendant to prison for up to nine (9) months for each violation, up to a maximum of [one-half] of the stated prison term.  If the violation is a new felony, Defendant may receive

a prison term of the greater of one year of the time remaining of post release control, in addition to any other prison term imposed for the new offense."

**{¶ 5}** Neither Bowen nor the state appealed from Bowen's sentence. Bowen completed his sentence on March 23, 2005, and was then placed on postrelease control by the Adult Parole Authority.

**{¶ 6}** While he was on postrelease control, Bowen was indicted for trafficking in cocaine and pleaded guilty to the offense on February 23, 2006. On March 22, 2006, he was sentenced to three years' imprisonment for trafficking in cocaine and ordered to serve an additional two-year prison term for the postrelease-control violation. The sentences were ordered to be served consecutively.

**{¶ 7}** I agree with Justice Lanzinger that Bowen was never properly placed on postrelease control for his conviction for unlawful sexual conduct with a minor. Because postrelease control was never properly imposed, I also agree with Justice Lanzinger that it follows that Bowen's sentence for violating postrelease control is contrary to law and void. However, it does not follow, as Justice Lanzinger concludes, that a return on the writ sought by Bowen is proper.

**{¶ 8}** Justice Lanzinger's conclusion discounts our long-standing precedent that a writ of habeas corpus is warranted only in certain extraordinary circumstances when there is an unlawful restraint of a person's liberty *and* there is no adequate remedy in the ordinary course of law. *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6; *Johnson v. Timmerman-Cooper* (2001), 93 Ohio St.3d 614, 616, 757 N.E.2d 1153.

**{¶ 9}** As we noted in *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5:

**{¶ 10}** "Sentencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ. See, generally, *Majoros v. Collins* (1992), 64

Ohio St.3d 442, 443, 596 N.E.2d 1038 (habeas corpus); *Smith v. Warren* (2000), 89 Ohio St.3d 467, 468, 732 N.E.2d 992 (prohibition); *State ex rel. Corrigan v. Lawther* (1988), 39 Ohio St.3d 157, 158, 529 N.E.2d 1377 (mandamus). [Petitioner] has or had adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error. See *Smith v. Walker* (1998), 83 Ohio St.3d 431, 432, 700 N.E.2d 592; *Childers v. Wingard* (1998), 83 Ohio St.3d 427, 428, 700 N.E.2d 588."

{¶ 11} Bowen had, and continues to have, an adequate remedy to correct the improper imposition of postrelease control. Initially, Bowen could have filed a direct appeal or sought postconviction relief from the August 20, 2003 sentencing entry while he was imprisoned. He did not.

{¶ 12} After he was released from prison and the Adult Parole Authority imposed postrelease control, Bowen could have sought relief from the imposition of postrelease control. Again, he did not.

{¶ 13} After he committed a new offense and was sentenced for violating postrelease control, Bowen could have filed a direct appeal from the March 22, 2006 sentencing entry imposing a two-year term of imprisonment for violating postrelease control. Once again, he did not.

{¶ 14} Rather than availing himself of any of these remedies, Bowen waited until he had completed his sentence for trafficking in cocaine and after he had completed nearly half his sentence for violating postrelease control before he made his first attempt to correct the void sentence. He chose to do so through a petition to this court for a writ of habeas corpus.

{¶ 15} Despite all of Bowen's missed attempts to challenge the notification of postrelease control, he still has an adequate remedy at law. A trial court's jurisdiction over a criminal case is limited after it renders judgment, but it retains jurisdiction to correct a void sentence and is authorized to do so. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶

19; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. Indeed, the trial court has an obligation to do so when its error is apparent. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 23. There is no dispute that a void sentence was imposed.

{¶ 16} Because Bowen is still imprisoned on the sentence imposed pursuant to the March 22, 2006 entry and that sentence is contrary to law, the trial court still has jurisdiction to correct the sentencing error. Therefore, Bowen had, and still has, an adequate remedy at law. Accordingly, his complaint for a writ of habeas corpus should be dismissed.

_____

**LANZINGER, J., dissenting.**

{¶ 17} Because this court's decisions have indicated that petitioner was never properly placed on postrelease control, I respectfully dissent from the majority's decision to dismiss the habeas corpus petition and would instead order a return on the writ.

{¶ 18} The record indicates that Bowen never received notification that he would be subject to mandatory postrelease control upon his release from prison. In the 2003 judgment entry sentencing Bowen to five years of community control, Bowen was notified only that "after prison release the Parole Board *may* impose *a period* of postrelease control." (Emphasis added.) The trial court failed to notify Bowen that because his offense was a felony sex offense, he was subject to five years of mandatory postrelease control according to R.C. 2967.28. A subsequent 2004 judgment entry revoking community control ordered imposition of the previously reserved 15-month prison sentence but failed to include any mention of mandatory postrelease control.

{¶ 19} Upon completion of his 15-month sentence, Bowen was released from prison. Afterwards, in February 2006, Bowen pleaded guilty to trafficking in cocaine in violation of R.C. 2925.03(A). The court sentenced him to three

years in prison for the drug offense, plus an additional two years in prison for violation of postrelease control.

**{¶ 20}** This case highlights the problems with characterizing as void sentences that fail to include notification of mandatory postrelease control. Bowen was never properly notified of postrelease control; therefore, according to this court's decisions, his 2004 sentence was void. See *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16 ("When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense").

**{¶ 21}** However, when Bowen completed his original prison term, the court's decisions indicate that his completed sentence was no longer void and instead became valid. In *Bezak*, the majority concluded that because the defendant had already served his prison term, he could not be subject to resentencing in order to correct the trial court's failure to impose postrelease control. Id. at ¶ 18. This conclusion was also reached in *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 6 ("in cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence").

**{¶ 22}** Under this line of reasoning, the trial court's failure to impose postrelease control on Bowen was an error in his favor, as he could not properly be placed on postrelease control after his release. It follows that when the trial court sentenced Bowen in 2006, it never had the authority to include an additional two-year term of imprisonment based on a postrelease control violation, because Bowen was never properly placed on postrelease control. Bowen is now in the

midst of serving the two-year sentence for violation of his nonexistent postrelease control. He is thus unlawfully restrained from his liberty, and a return on the writ is proper.

{¶ 23} I do not agree with Justice O'Connor's conclusion that Bowen has an adequate remedy at law. I believe that it is important to recognize the distinction between sentences that are void, which are issued by a court that lacks jurisdiction, and sentences that are merely voidable, which are nonjurisdictional and can be corrected upon direct appeal. This court has held that "[s]entencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ." *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5. Thus, when a trial court acts with proper jurisdiction but errs, that error is correctable on direct appeal.

{¶ 24} This court's decision to label these judgments "void" opens the door to the habeas remedy. To call a judgment void is to state that it is a legal nullity, issued by a court lacking jurisdiction. A void judgment is not a final, appealable order. "A judgment declared void is susceptible to collateral attack at any time, and a defendant has a right to a writ of habeas corpus when a judgment is void due to lack of jurisdiction despite the availability of alternative remedies such as appeal. *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 99-100, 666 N.E.2d 1091." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 47 (Lanzinger, J., dissenting). When the trial court sentenced Bowen in 2006 to two years' imprisonment because of a violation of nonexistent postrelease control, it lacked jurisdiction to impose the sentence, and consequently, the sentence is void. Bowen is unable to appeal from the trial court's 2006 entry, and he is left without any adequate remedy at law. Based on this understanding, habeas relief is proper in this situation.

{¶ 25} I have maintained my position that sentences that fail to properly include postrelease control should be treated as voidable, rather than void. *State*

*v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 74 (Lanzinger, J., concurring in part and dissenting in part). The majority of this court has nevertheless continued to call void sentences that fail to properly impose postrelease control. The confusion resulting from the majority's stance continues to manifest itself in cases like petitioner's. Given the extraordinary circumstances of this case and this court's decisions declaring that sentences failing to properly impose postrelease control become valid upon completion of the prison term, I respectfully dissent and would order a return on the writ.

_____

Dusten I. Bowen, pro se.

_____