O’Connor, J.,
concurring.
{¶ 2} Because Dusten Bowen has an adequate remedy at law, I concur in the decision to dismiss his habeas corpus petition. I am compelled to write separately, however, to explain my disagreement with Justice Lanzinger’s conclusion.
*552 {¶ 3} Bowen pleaded guilty to unlawful sexual conduct with a minor, a fourth-degree felony. The trial court’s August 20, 2003 sentencing entry states:
{¶ 4} “Defendant is notified that after prison release the Parole Board may impose a period of post release control and any violation of post release control conditions may result in the Adult Parole Authority of Parole Board imposing a more restrictive or longer control sanction, or return Defendant to prison for up to nine (9) months for each violation, up to a maximum of [one-half] of the stated prison term. If the violation is a new felony, Defendant may receive a prison term of the greater of one year of the time remaining of post release control, in addition to any other prison term imposed for the new offense.”
{¶ 5} Neither Bowen nor the state appealed from Bowen’s sentence. Bowen completed his sentence on March 23, 2005, and was then placed on postrelease control by the Adult Parole Authority.
{¶ 6} While he was on postrelease control, Bowen was indicted for trafficking in cocaine and pleaded guilty to the offense on February 23, 2006. On March 22, 2006, he was sentenced to three years’ imprisonment for trafficking in cocaine and ordered to serve an additional two-year prison term for the postreleasecontrol violation. The sentences were ordered to be served consecutively.
{¶ 7} I agree with Justice Lanzinger that Bowen was never properly placed on postrelease control for his conviction for unlawful sexual conduct with a minor. Because postrelease control was never properly imposed, I also agree with Justice Lanzinger that it follows that Bowen’s sentence for violating postrelease control is contrary to law and void. However, it does not follow, as Justice Lanzinger concludes, that a return on the writ sought by Bowen is proper.
{¶ 8} Justice Lanzinger’s conclusion discounts our long-standing precedent that a writ of habeas corpus is warranted only in certain extraordinary circumstances when there is an unlawful restraint of a person’s liberty and there is no adequate remedy in the ordinary course of law. In re Complaint for Writ of Habeas Corpus for Goeller, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6; Johnson v. Timmerman-Cooper (2001), 93 Ohio St.3d 614, 616, 757 N.E.2d 1153.
{¶ 9} As we noted in State ex rel. Jaffal v. Calabrese, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5:
{¶ 10} “Sentencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ. See, generally, Majoros v. Collins (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038 (habeas corpus); Smith v. Warren (2000), 89 Ohio St.3d 467, 468, 732 N.E.2d 992 (prohibition); State ex rel. Corrigan v. Lawther (1988), 39 Ohio St.3d 157, 158, 529 N.E.2d 1377 (mandamus). [Petitioner] has or had adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error. See Smith v. *553 Walker (1998), 83 Ohio St.3d 431, 432, 700 N.E.2d 592; Childers v. Wingard (1998), 83 Ohio St.3d 427, 428, 700 N.E.2d 588.”
{¶ 11} Bowen had, and continues to have, an adequate remedy to correct the improper imposition of postrelease control. Initially, Bowen could have filed a direct appeal or sought postconviction relief from the August 20, 2003 sentencing entry while he was imprisoned. He did not.
{¶ 12} After he was released from prison and the Adult Parole Authority imposed postrelease control, Bowen could have sought relief from the imposition of postrelease control. Again, he did not.
{¶ 13} After he committed a new offense and was sentenced for violating postrelease control, Bowen could have filed a direct appeal from the March 22, 2006 sentencing entry imposing a two-year term of imprisonment for violating postrelease control. Once again, he did not.
{¶ 14} Rather than availing himself of any of these remedies, Bowen waited until he had completed his sentence for trafficking in cocaine and after he had completed nearly half his sentence for violating postrelease control before he made his first attempt to correct the void sentence. He chose to do so through a petition to this court for a writ of habeas corpus.
{¶ 15} Despite all of Bowen’s missed attempts to challenge the notification of postrelease control, he still has an adequate remedy at law. A trial court’s jurisdiction over a criminal case is limited after it renders judgment, but it retains jurisdiction to correct a void sentence and is authorized to do so. State ex rel. Cruzado v. Zaleski 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19; State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. Indeed, the trial court has an obligation to do so when its error is apparent. State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 23. There is no dispute that a void sentence was imposed.
{¶ 16} Because Bowen is still imprisoned on the sentence imposed pursuant to the March 22, 2006 entry and that sentence is contrary to law, the trial court still has jurisdiction to correct the sentencing error. Therefore, Bowen had, and still has, an adequate remedy at law. Accordingly, his complaint for a -writ of habeas corpus should be dismissed.