Lanzinger, J.,
dissenting.
{¶ 17} Because this court’s decisions have indicated that petitioner was never properly placed on postrelease control, I respectfully dissent from the majority’s *554 decision to dismiss the habeas corpus petition and would instead order a return on the writ.
{¶ 18} The record indicates that Bowen never received notification that he would be subject to mandatory postrelease control upon his release from prison. In the 2003 judgment entry sentencing Bowen to five years of community control, Bowen was notified only that “after prison release the Parole Board may impose a period of postrelease control.” (Emphasis added.) The trial court failed to notify Bowen that because his offense was a felony sex offense, he was subject to five years of mandatory postrelease control according to R.C. 2967.28. A subsequent 2004 judgment entry revoking community control ordered imposition of the previously reserved 15-month prison sentence but failed to include any mention of mandatory postrelease control.
{¶ 19} Upon completion of his 15-month sentence, Bowen was released from prison. Afterwards, in February 2006, Bowen pleaded guilty to trafficking in cocaine in violation of R.C. 2925.03(A). The court sentenced him to three years in prison for the drug offense, plus an additional two years in prison for violation of postrelease control.
{¶ 20} This case highlights the problems with characterizing as void sentences that fail to include notification of mandatory postrelease control. Bowen was never properly notified of postrelease control; therefore, according to this court’s decisions, his 2004 sentence was void. See State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16 (“When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense”).
{¶ 21} However, when Bowen completed his original prison term, the court’s decisions indicate that his completed sentence was no longer void and instead became valid. In Bezak, the majority concluded that because the defendant had already served his prison term, he could not be subject to resentencing in order to correct the trial court’s failure to impose postrelease control. Id. at ¶ 18. This conclusion was also reached in State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 6 (“in cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence”).
{¶ 22} Under this line of reasoning, the trial court’s failure to impose postrelease control on Bowen was an error in his favor, as he could not properly be placed on postrelease control after his release. It follows that when the trial *555 court sentenced Bowen in 2006, it never had the authority to include an additional two-year term of imprisonment based on a postrelease control violation, because Bowen was never properly placed on postrelease control. Bowen is now in the midst of serving the two-year sentence for violation of his nonexistent postrelease control. He is thus unlawfully restrained from his liberty, and a return on the writ is proper.
{¶ 23} I do not agree with Justice O’Connor’s conclusion that Bowen has an adequate remedy at law. I believe that it is important to recognize the distinction between sentences that are void, which are issued by a court that lacks jurisdiction, and sentences that are merely voidable, which are nonjurisdictional and can be corrected upon direct appeal. This court has held that “[sentencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ.” State ex rel. Jaffal v. Calabrese, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5. Thus, when a trial court acts with proper jurisdiction but errs, that error is correctable on direct appeal.
{¶ 24} This court’s decision to label these judgments “void” opens the door to the habeas remedy. To call a judgment void is to state that it is a legal nullity, issued by a court lacking jurisdiction. A void judgment is not a final, appealable order. “A judgment declared void is susceptible to collateral attack at any time, and a defendant has a right to a writ of habeas corpus when a judgment is void due to lack of jurisdiction despite the availability of alternative remedies such as appeal. Pegan v. Crawmer (1996), 76 Ohio St.3d 97, 99-100, 666 N.E.2d 1091.” State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶47 (Lanzinger, J., dissenting). When the trial court sentenced Bowen in 2006 to two years’ imprisonment because of a violation of nonexistent postrelease control, it lacked jurisdiction to impose the sentence, and consequently, the sentence is void. Bowen is unable to appeal from the trial court’s 2006 entry, and he is left without any adequate remedy at law. Based on this understanding, habeas relief is proper in this situation.
{¶ 25} I have maintained my position that sentences that fail to properly include postrelease control should be treated as voidable, rather than void. State v. Bloomer, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 74 (Lanzinger, J., concurring in part and dissenting in part). The majority of this court has nevertheless continued to call void sentences that fail to properly impose postrelease control. The confusion resulting from the majority’s stance continues to manifest itself in cases like petitioner’s. Given the extraordinary circumstances of this case and this court’s decisions declaring that sentences failing to properly impose postrelease control become valid upon completion of the prison term, I respectfully dissent and would order a return on the writ.
*556 Dusten I. Bowen, pro se.