[Cite as *State ex rel. Messer v. Colaluca*, 2013-Ohio-3920.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99792**

# STATE OF OHIO, EX REL.,
# BILL JOSEPH MESSER

RELATOR

vs.

# JUDGE JANET RATH COLALUCA, ET AL.

RESPONDENTS

**JUDGMENT:**
COMPLAINT DISMISSED

Writ of Mandamus and Prohibition
Motion No. 465879
Order No. 467432

**RELEASE DATE:** September 10, 2013

**ATTORNEY FOR RELATOR**

Lori A. Zocolo
Abel & Zocolo Co., L.P.A.
815 Superior Avenue
Suite 1915
Cleveland, Ohio   44114

**ATTORNEYS FOR RESPONDENTS**

William D. Mason
Cuyahoga County Prosecutor
Charles E. Hannan, Jr.
David Lambert
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

{¶1} Bill Joseph Messer filed a complaint for a writ of prohibition and a writ of mandamus. Messer seeks an order from this court that prevents Judge Janet Rath Colaluca and Magistrate Sharon A. Echols ("herein after collectively referred to as the trial court") from exercising jurisdiction in *Messer v. Messer* (n.k.a. Gretchen Agnes Rensi), Cuyahoga Domestic Relations No. DR-332953. Messer argues that the trial court patently and unambiguously has lost jurisdiction to decide parental custody issues. Messer also seeks a writ of mandamus to compel the trial court to vacate an order journalized on March 25, 2013, that sua sponte vacated a prior order of dismissal. The trial court filed a motion to dismiss, which we grant for the following reasons.

*Facts*

{¶2} On September 29, 2011, a final decree of divorce was granted to Messer and Rensi. On April 16, 2012, Rensi filed a motion to reappoint a guardian ad litem for the sole child and a motion to modify the parties' shared parenting plan to sole legal custody. On December 14, 2012, Messer filed a motion to dismiss Rensi's motions. On March 13, 2013, the trial court granted Messer's motion to dismiss and held that:

> The matter came before the court upon Plaintiff Bill Messer's Motion to Dismiss #345481, filed January 31, 2013. Plaintiff asks that Defendant Gretchen Rensi's parenting motions be dismissed because this court has no jurisdiction pursuant to R.C. 3127.21.
>
> For good cause shown, the court finds that Plaintiff's motion is hereby GRANTED.

Costs adjudged against the parties equally.

{¶3} On March 25, 2013, the trial court sua sponte vacated its order of March 13, 2013, and held that:

> Upon the Court's own motion, the Judgment Entry, filed March 13, 2013, is hereby vacated and set aside.
>
> It is therefore ordered that all pending motions are hereby reinstated. Costs adjudged against the parties equally.

{¶4} On April 17, 2013, Messer filed his complaint for a writ of prohibition.

*Analysis*

{¶5} Messer, through his complaint for a writ of prohibition, argues that the trial court erred by vacating the dismissal of the pending motions to reappoint a guardian ad litem and modification of the shared parenting plan to sole legal custody. Specifically, Messer argues that the trial court is without jurisdiction to entertain the motions that were reinstated and also lacks any jurisdiction to conduct any further proceedings in DR-332953.

{¶6} In order for this court to issue a writ of prohibition, Messer is required to demonstrate each prong of the following three-part test: (1) the trial court is about to exercise judicial power; (2) the exercise of judicial power by the trial court is not authorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). In addition, prohibition does not lie, if Messer has or had an adequate remedy in the ordinary course of the law, even if the remedy was not employed. *State ex rel. Lesher v. Kainrad*,

65 Ohio St.2d 68, 417 N.E.2d 1382 (1981); *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 218 N.E.2d 428 (1966).

{¶7} Prohibition does not lie unless it clearly appears that the court possesses no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941). Also, prohibition will not issue to prevent an erroneous judgment, or serve the purpose of an appeal, or to correct errors committed by the lower court in deciding questions within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 90 N.E.2d 598 (1950). Furthermore, prohibition should be used with great caution and not issue in doubtful cases. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940).

{¶8} However, when a court is patently and unambiguously without jurisdiction to act, the existence of an adequate remedy at law will not prevent the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (1995). Nevertheless, absent a patent and unambiguous lack of jurisdiction a court possessing general jurisdiction of the subject matter of an action has the authority to determine its own jurisdiction. A party challenging the court's jurisdiction possesses an adequate remedy at law through an appeal from the court's judgment that it possesses jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997); *State ex rel. Bradford v. Trumbull Cty. Court*, 64

Ohio St.3d 502, 1992-Ohio-132, 597 N.E.2d 116. Finally, this court possesses discretion in issuing a writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶9} In the case sub judice, we find that the trial court possesses general subject matter jurisdiction to determine all domestic relations matters. R.C. 3105.011 provides in pertinent part that "[t]he court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." In addition, pursuant to R.C. 3105.21 and 3109.04, the trial court possesses the basic statutory jurisdiction to issue orders with regard to the allocation of parental rights and responsibilities for the care of the minor children of a marriage. Absent a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, which prevents this court from issuing a writ of prohibition. *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 1997-Ohio-340, 686 N.E.2d 267; *State ex rel. Enyart v. O'Neil*, 71 Ohio St.3d 655, 1995-Ohio-145, 646 N.E.2d 1110.

{¶10} Messer argues that the judgment of March 13, 2013, which dismissed the wife's parenting motions, terminated all jurisdiction on the part of the trial court. R.C. 3127.21, however, does not provide for a complete termination of jurisdiction on the part of the trial court. To the contrary, R.C. 3127.21 provides that the trial court may decline to exercise jurisdiction, based upon forum non conveniens (a more convenient forum), following consideration of eight specific factors, which include: (1) whether domestic

violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; (2) the length of time the child has resided outside the state; (3) the distance between the court in Ohio and the court in the state that would assume jurisdiction; (4) the relative financial circumstance of the parties; (5) any agreement of the parties as to which state should assume jurisdiction; (6) the nature and location of the evidence required to resolve the pending litigation, including the testimony of the child; (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (8) the familiarity of the court of each state with the facts and issues in the pending litigation. R.C. 3127.21 also provides that if the Ohio court determines that it is an inconvenient forum it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state. In addition, an Ohio court may decline to exercise jurisdiction over child custody issues while still retaining jurisdiction over the divorce and other proceedings.

{¶11} The trial court's order of March 13, 2013, did not indicate any consideration of the eight factors required prior to declining to exercise jurisdiction. *In re M.I.S. A Minor Child*, 8th Dist. Cuyahoga No. 98138, 2012-Ohio-5178; *Simon v. Simon*, 9th Dist. Summit No. 25933, 2012-Ohio-3443. In addition, the order of March 13, 2013, did not stay the proceedings nor indicate that a child custody proceeding had been commenced in another state. Thus, Messer has failed to demonstrate that the trial court terminated its jurisdiction per R.C. 3127.21, and prohibition is not appropriate under the facts as

presented. *Compare Javidan-Nejad v. Navadeh*, 8th Dist. Cuyahoga No. 95406, 2011-Ohio-2283; *Buxton v. Mancuso*, 5th Dist. Knox No. 09-CA-22, 2009-Ohio-6839.

**{¶12}** In addition, Messer possesses an adequate legal remedy in the ordinary course of the law. The record of the underlying divorce action is not completely before this court.[1] However, we take judicial notice of the docket in DR-332953, because it is capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned. *See* Evid.R. 201(B). A review of the docket clearly provides that numerous post-judgment motions, that address the issues of child custody and visitation remain pending before the trial court: motion for guardian ad litem fees, motion to show cause for noncompliance with judgment entry, motion for temporary child support, motion to transfer, motion to establish child support, motion to compel discovery, two motions to dismiss, and motion to modify visitation. The issues of child custody and visitation remain pending before the trial court, and Messer possesses an adequate remedy at law, through an appeal, should he disagree with any rulings rendered by the trial court. *State ex rel. Hughley v. McMonagle*, 121 Ohio St.3d 536, 2009-Ohio-1703, 905 N.E.2d 1220; *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107.

**{¶13}** Finally, we find that Messer has failed to comply with Loc.App.R. 45(B)(1)(a), which requires that his complaint for a writ of prohibition and mandamus be

---

[1] Messer has only attached a partial copy of the docket maintained in DR-332953, to his complaint for a writ of mandamus. *See* Exhibit C.

supported by an affidavit specifying the details of the claim. An affidavit that simply avers that the affiant "has read the allegations in his Original Complaint to the Eighth District Court of Appeals, and that the same are true as he verily believes" does not comply with Loc.App.R. 45(B)(1)(a). *Bandy v. Villanueva*, 8th Dist. Cuyahoga No. 96866, 2011-Ohio-4831; *State ex rel. Winston v. Bombik*, 8th Dist. Cuyahoga No. 94094, 2009-Ohio-6319. The failure to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires the dismissal of the original action. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 92826, 2009-Ohio-1612, *aff'd*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402.

*Conclusion*

{¶14} Therefore, we find that the trial court does not patently and unambiguously lack jurisdiction to proceed to judgment in the underlying domestic relations action, Messer possesses an adequate remedy in the ordinary course of the law, and Messer has failed to comply with the mandatory sworn affidavit requirement of Loc.App.R. 45(B)(1)(a).

{¶15} Accordingly, we grant the trial court's motion to dismiss Messer's complaint for a writ of prohibition and writ of mandamus. Messer to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶16} Complaint dismissed.

_____
JUDGE MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR