[Cite as *Lucas v. P & L Paris Corp.*, 2012-Ohio-4357.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| COREY D. LUCAS, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| V. | ) | CASE NO. 11-MA-104 |
| | ) | |
| P&L PARIS CORP., ET AL., | ) | OPINION |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:  Civil Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 09CV4426

JUDGMENT:  Affirmed

APPEARANCES:
For Plaintiff-Appellant

Atty. Andrew S. Goldwasser
Atty. Michael Schmeltzer
1610 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

For Defendant-Appellee
Thackray Crane Rental, Inc.

Atty. Eric N. Anderson
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA 15219

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: September 21, 2012

DONOFRIO, J.

{¶1} Plaintiff-appellant, Corey Lucas, appeals from a Mahoning County Common Pleas Court judgment dismissing his complaint against defendant-appellee, Thackray Crane Rental, Inc., for lack of personal jurisdiction.

{¶2} Appellant filed a complaint arising from a workplace injury. He was working as a construction worker for P&L Paris Corporation (P&L), an Ohio corporation with its principal place of business in Mahoning County, Ohio, at a job site in Pottstown, Pennsylvania. The general contractor of the construction project was Irwin & Leighton, Inc. (Irwin), a Pennsylvania corporation with its principal place of business in Pennsylvania. Thackray was a subcontractor at the job site. Thackray is a crane rental and construction support company with its principal place of business in Pennsylvania.

{¶3} Appellant asserted that on November 20, 2008, while he was working at the Pottstown job site, he was positioned more than 20 feet above the ground on unsecured steel girders. One of Thackray's employees was operating a crane and released a bundle of steel decking that caused the area on which appellant was standing to give way. Appellant fell more than 21 feet to the ground and was severely injured. Appellant named Thackray, P&L, Irwin, and the crane operator as defendants.

{¶4} Thackray filed a Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction. Thackray stated that it provided a crane and an operator to P&L after P&L contacted it requesting such services. Thackray alleged that it initiated no contacts with the State of Ohio and conducted no activities related to appellant's injury in Ohio. It further alleged that it does not do business in Ohio nor does it have any contacts with Ohio other than on a random or fortuitous basis resulting from the unilateral activity of third parties.

{¶5} The trial court granted Thackray's motion, finding that it did not have personal jurisdiction over Thackray. The court found that Thackray did not solicit the Pottstown job from P&L and no contract was created in Ohio. It further found that while Thackray contracted with P&L and other Ohio companies, every one of the jobs

was in Pennsylvania, New Jersey, or the Delmarva Peninsula. It noted that the only communication between Thackray and the Ohio companies was by mail or telephone and primarily related to invoices and payments. And it noted that Thackray has never performed any work in Ohio. The court went on to find that Thackray did not purposely avail itself of acting in Ohio and appellant's cause of action did not arise from Thackray's activities in Ohio. Finally, the court found that jurisdiction over Thackray would be unreasonable under the Due Process Clause.

{¶6} Appellant filed a timely notice of appeal on July 5, 2011. Upon this court's request, the trial court filed a nunc pro tunc judgment entry including Civ.R. 54(B) language that there is no just reason for delay.

{¶7} Appellant raises a single assignment of error, which states:

THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE THACKRAY CRANE RENTAL INC.'S MOTION TO DISMISS PURSUANT TO CIV.R. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION.

{¶8} Appellant first argues that the trial court erroneously concluded that Thackray has not transacted business in Ohio. As to this point, appellant asserts that the trial court (1) erred in finding the fact that the contract was not entered into in Ohio was relevant, (2) mistakenly concluded that there was no evidence that Thackray solicited business in Ohio, and (3) erred by disregarding Thackray's actual contacts with Ohio, which consisted of hundreds of written and oral contacts from Thackray to its Ohio customers.

{¶9} As to Thackray's business transactions in Ohio, appellant contends that Thackray has entered into over 100 contracts with nine different Ohio companies. He further contends that Thackray earned substantial income from its business transactions with Ohio companies, producing more than $342,000 in receivables. Appellant also asserts that Thackray's transactions with Ohio-based companies are quite involved and are not simply ordering and remitting a payment for a standard,

one-time service or product. In support, appellant cites to Benjamin Wagner's deposition testimony regarding how contracts were negotiated and billing was handled. Wagner is Thackray's risk management director. Additionally, appellant notes that Thackray's business dealings with Ohio have been continuous since 2005 or 2006.

{¶10} Appellant goes on to argue that the fact that Thackray provided services to its Ohio-based customers outside of Ohio is not determinative of jurisdiction. Instead, appellant points to the hundreds of written and oral communications Thackray has had with Ohio companies over the years including pre-contract negotiations, job confirmations, sales calls, sending job quotes, sending invoices and billing statements, and making collections calls.

{¶11} Appellant next argues that Ohio has personal jurisdiction over Thackray because this action arises from its Ohio business transactions. He asserts that Thackray contracted with P&L from November 3, 2008, through February 17, 2009, to provide P&L with equipment and personnel. He claims that the contract originated following Thackray's various communications directed to P&L at its office in Youngstown, Ohio. And as a result of the contract, appellant claims that Thackray directed numerous written and oral communications to P&L in Ohio.

{¶12} Finally, appellant asserts that based on the above facts, Thackray has purposely availed itself of the privilege of conducting business in Ohio and should reasonably anticipate litigation here.

{¶13} Whether a trial court has personal jurisdiction over a defendant is a matter of law which appellate courts review de novo. *Info. Leasing Corp. v. Jaskot*, 151 Ohio App.3d 546, 2003-Ohio-566, 784 N.E.2d 1192, ¶9 (1st Dist.).

{¶14} When the defense of lack of personal jurisdiction is asserted in a motion to dismiss, the plaintiff bears the burden to establish that the court has jurisdiction. *Sessoms v. Goliver*, 6th Dist. No. L-04-1159, 2004-Ohio-7077, ¶22. When a trial court decides a Civ.R. 12(B)(2) motion without a hearing, the plaintiff need only make a prima facie showing of personal jurisdiction, while a decision made following an

evidentiary hearing requires that the plaintiff offer proof by a preponderance of evidence. *American Office Services, Inc. v. Sircal Contracting, Inc.*, 8th Dist. No. 82977, 2003-Ohio-6042, ¶7.

{¶15} In this case, the trial court held a hearing on the motion. Therefore, appellant was required to offer proof by a preponderance of the evidence.

{¶16} The determination of whether a state court has personal jurisdiction over a foreign corporation is a two-step process. First, the court must determine whether the state's long-arm statute and applicable civil rule confer personal jurisdiction. *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 183-184, 624 N.E.2d 1048 (1994). Second, the court must consider whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. *Id.* at 184, 624 N.E.2d 1048. Under the second part of the analysis, the court must determine whether the nonresident possesses certain minimum contacts with the state so that the suit does not offend traditional notions of fair play and substantial justice. *Clark*, 82 Ohio St.3d at 313-314, citing *Internatl. Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

{¶17} Under the first step, we must look to R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1). R.C. 2307.382(A)(1) provides, "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state." This section also applies to foreign corporations. *U.S. Sprint*, 68 Ohio St.3d at 185. Likewise, Civ.R. 4.3(A)(1) authorizes a court to exercise personal jurisdiction over a nonresident defendant and provides for service of process to effectuate that jurisdiction if the claim arose from the nonresident defendant's "[t]ransacting any business in this state."

{¶18} The Ohio Supreme Court has broadly defined "transacting business" to include "to prosecute negotiations; to carry on business; to have dealings." *Kentucky Oaks Mall v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75, 559 N.E.2d 477

(1990), quoting Black's Law Dictionary (5 Ed. 1979) 1341. Because the definition is so broad, cases involving questions of what constitutes "transacting business" have been resolved on highly particularized facts that do not lend themselves to generalization. *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236, 638 N.E.2d 541 (1994), quoting *U.S. Sprint*, 68 Ohio St.3d at 185.

**{¶19}** The First District recently set out several useful factors to be considered when determining whether a foreign corporation has transacted business in Ohio including whether the foreign corporation "(1) initiated the business dealings, (2) participated in business negotiations, (3) ordered work to be performed in Ohio, and (4) remitted payments to or owed other obligations in Ohio." (Footnotes omitted.) *N. Am. Software, Inc. v. James I. Black & Co.*, 1st Dist. No. C-100696, 2011-Ohio-3376, ¶15.

**{¶20}** In considering the first factor, Wagner stated that Thackray typically does not solicit its customers. (Wagner dep. 9). Instead, customers contact Thackray directly. (Wagner dep. 9). Wagner stated that most of the time P&L contacts Thackray for work. (Wagner dep. 33). But Wagner did not have specific knowledge of whether that was the case in this instance. (Wagner dep. 33-34). Wagner further stated that P&L has been one of Thackray's customers since 2005 or 2006. (Wagner dep. 19-20).

**{¶21}** In considering the second factor, Wagner was unsure whether Thackray gave a written quote to P&L. (Wagner dep. 37). Typically, he stated, Thackray would provide either a written or a verbal quote to P&L before it delivered the crane. (Wagner dep. 37). Wagner was unaware of any paperwork that may have been sent to P&L between the time the quote was provided and the time the crane was delivered to the job site. (Wagner dep. 38). Wagner stated that once the crane was delivered to the job site (in Pennsylvania) a "job ticket," or contract, was completed. (Wagner dep. 39).

**{¶22}** In considering the third factor, it was undisputed that the work was performed in Pennsylvania and Thackray did not perform any work in Ohio.

**{¶23}** And as to the final factor, Wagner stated that Thackray ultimately billed P&L for the crane by way of a written invoice that it mailed to P&L in Ohio. (Wagner dep. 39-40). P&L then sent Thackray a check from its office in Ohio. (Wagner dep. 40).

**{¶24}** In addition to P&L, Wagner stated that Thackray has eight other Ohio customers. (Wagner dep. 20-29). For each of these Ohio customers, Thackray has provided services or products, has been paid for those services or products, and maintains a customer file. (Wagner dep. 20-29). However, Thackray has never performed any work in Ohio. (Wagner dep. 66). Nor has it entered into any contracts in Ohio. (Wagner dep. 39).

**{¶25}** Wagner also stated, however, that other than sending invoices, quotes, or a promissory note to Ohio, Thackray does not have any other contact with Ohio. (Wagner dep. 65-66). He stated that Thackray does not provide cranes, operators, oilers, trucks, or support equipment in Ohio. (Wagner dep. 66). In fact, the farthest west that Thackray has provided services is around the Harrisburg, Pennsylvania area. (Wagner dep. 60, 66).

**{¶26}** In response to the assertion that Thackray does not conduct business in Ohio, appellant submitted over 100 job tickets/contracts between Thackray and its Ohio customers and over 80 billing invoices from Thackray that it mailed to its Ohio customers. (Plaintiff's Evidentiary Submission in Support of Jurisdiction; Plaintiff's Supplemental Evidentiary Submission in Support of Jurisdiction).

**{¶27}** The job tickets/contracts were not entered into in Ohio, however, but instead were entered into at the various job sites, which are located in Pennsylvania, New Jersey, and the Delmarva Peninsula. (Wagner dep. 17, 31, 38-39). And the billing invoices were simply mailed from Thackray in Pennsylvania to its Ohio customers to collect balances due. (Wagner dep. 17-18).

**{¶28}** Based on this evidence, appellant did not meet his burden of proving that Thackray transacts business in Ohio. Thackray does have eight or nine Ohio customers that it has telephone and mail contact with. But it has never performed

work in Ohio or entered into a contract in Ohio, and it typically does not solicit customers in Ohio. Thackray's principal place of business is located in Pennsylvania and it performs all of its work in Pennsylvania, New Jersey, and the Delmarva Peninsula. It enters into its contracts at these job sites. Moreover, in the case at bar, the alleged negligence occurred at a job site in Pennsylvania.

{¶29} For these reasons, Ohio's long-arm statute and civil rule do not confer personal jurisdiction in this case.

{¶30} Considering the second step of the personal jurisdiction analysis, we must examine due process. A court may exercise jurisdiction over a nonresident defendant only if the defendant has sufficient "minimum contacts" with Ohio so that summoning the defendant would not offend "traditional notions of fair play and substantial justice." *Internatl. Shoe Co.*, 326 U.S. at 316, quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339 (1940).

{¶31} In order to establish jurisdiction in keeping with due process, the plaintiff must demonstrate that (1) the non-resident defendant purposefully availed himself of the privilege of acting in the forum state or caused a consequence in that state, (2) the cause of action arose from the defendant's activities in the forum state, and (3) the defendant's acts or consequences caused by the defendant had a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Fritz-Rumer-Cooke Co., Inc. v. Todd & Sargent,* 10th Dist. No. 00AP-817, 2001 WL 102267, *4 (Feb. 8, 2001), citing *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721, (C.A.6, 2000).

{¶32} Firstly, Thackray did not purposely avail itself of the privilege of acting in Ohio nor did it cause a consequence in Ohio. As discussed in detail above, Thackray did not enter into contracts in Ohio or supply goods or services in Ohio. Furthermore, even if we assume for purposes of this analysis that Thackray's negligence caused appellant's injury, the negligence and injury occurred in Pennsylvania.

{¶33} Secondly, the cause of action here did not arise from Thackray's activities in Ohio. Thackray's only "activities" involving Ohio in this case were that: it

came in contact with P&L to provide a crane and support services for a job P&L was working on in Pennsylvania; it provided P&L a quote for the job; and after the job was complete, Thackray sent billing invoices to P&L in Ohio.

{¶34} Thirdly, Thackray's acts or consequences caused by Thackray did not have a substantial enough connection with Ohio to make the exercise of jurisdiction over the defendant reasonable. Assuming again that Thackray was in fact negligent, this negligence occurred in Pennsylvania. Assuming Thackray's actions were a cause of appellant's injury, the injury occurred in Pennsylvania. And these consequences arose out of the business that it transacted in Pennsylvania.

{¶35} Based on the above, Thackray does not have sufficient minimum contacts with Ohio so that the exercise of jurisdiction over it would be fundamentally fair and reasonable.

{¶36} Accordingly, appellant's sole assignment of error is without merit.

{¶37} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.