[Cite as *Clark v. Miller*, 2012-Ohio-5606.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RICHARD CLARK, | ) | |
| | ) | CASE NO.   12 BE 32 |
| PETITIONER, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| MICHELE MILLER, WARDEN, | ) | |
| BELMONT CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:     Petitioner's Petition for Writ of Habeas
Corpus; Respondent's Motion to Dismiss.

JUDGMENT:     Petition for Writ of Habeas Corpus Denied;
Motion to Dismiss Granted.

APPEARANCES:
For Petitioner:     Richard Clark, *Pro Se*
#647-758
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio  43950

For Respondent:     Attorney Michael DeWine
Attorney General
Attorney Mary Anne Reese
Assistant Attorney General
Criminal Justice Section
441 Vine Street, Suite 1600
Cincinnati, Ohio  45202

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: December 3, 2012

PER CURIAM:

¶{1} On September 12, 2012, Petitioner Richard Clark filed a Petition for Writ of Habeas Corpus. Respondent Michele Miller, Warden, Belmont Correctional Institution filed a motion to dismiss on October 29, 2012. For the reasons herein expressed, Petitioner's Petition for Writ of Habeas Corpus is denied, and Respondent's Motion to Dismiss is granted.

¶{2} According to Petitioner, in January 1997 he was convicted of two counts of rape in Kentucky. His sentence was completed in March 2000. Upon his release Kentucky determined him to be a Low to Moderate Risk Sex Offender. Thus, he was required to register for a period of 10 years. That same month Petitioner moved to Hamilton County, Ohio and his duty to register as a sex offender was transferred to Ohio. Ohio evaluated Kentucky's sex offender registration law category and determined that under Megan's Law, Ohio's sex offender classification and registration law that was in effect at that time, classified Petitioner as a sexually oriented offender. Under Megan's Law, a sexually oriented offender is required to register, verify annually, and notify the county sheriff of any change of address for a period of ten years from the date of release from prison.

¶{3} In 2007, Ohio's statutory scheme for classification and registration of sex offenders was significantly amended by Senate Bill 10, which is commonly known as the Adam Walsh Act. This new law repealed Megan's Law. Under the provisions of Senate Bill 10, judges have no discretion in the classification of and registration requirements imposed upon sex offenders. Rather, offenders are automatically classified as either Tier I, Tier II, or Tier III offenders based solely upon the offense committed. *State v. Bodyke,* 126 Ohio St.3d 266, 2010–Ohio–2424, 933 N.E.2d 753, ¶ 21-22. Because classification is automatic, the need for a classification hearing was dispensed with under Senate Bill 10. Once an offender is classified in the appropriate tier, he or she must register accordingly. *Id.* at ¶ 23. The registration and reporting requirements are more expansive under Senate Bill 10 than the former scheme, and also require registration for lengthier periods of time. *Id.* at ¶ 24–28.

¶{4} On December 1, 2007 the Ohio Attorney General issued a Notice of New Classification and Registration Duties. According to Petitioner, he was reclassified from a sexually oriented offender to a Tier III offender. As a Tier III offender, he is

required under R.C. 2950.05 to register every 90 days for life and to provide written notice to the sheriff at least 20 days prior to changing his address. The notice that was sent to Petitioner from the Ohio Attorney General indicated that he had the right to contest application of the new classification and registration requirements by filing a petition in the common pleas court. It does not appear from the filing before this court that Clark ever contested his new classification through that procedure.

¶{5}    In May 2010, Petitioner was indicted for allegedly violating the registration and notification requirements. He was charged with, among other crimes, attempted failure to verify a current address and attempted failure to provide notice of an address change. He pled guilty to those two offenses and in July 2010, he was sentenced by the Hamilton County Common Pleas Court to community control sanctions. Petitioner was advised that if he violated the terms of community control sanctions, the trial court would impose 18 months on each count to run consecutive to each other for an aggregate term of 36 months. Petitioner did not timely appeal that decision to the First District Ohio Court of Appeals. Sometime thereafter, Petitioner violated the community control sanctions, which resulted in the imposition of the 36 month prison term, which was journalized by the Hamilton County Common Pleas Court on March 17, 2011. Petitioner claims that in June 2011, he filed a motion for a delayed appeal of the March 17, 2011 decision in the First Appellate District. He claims that motion was denied.

¶{6}    On August 3, 2011, Petitioner filed a Crim.R. 32.1 motion to withdraw his guilty plea based on the Ohio Supreme Court's decisions in *Bodyke* and *Gingell*. In *Bodyke*, the Court found that R.C. 2950.031 and 2950.032 were unconstitutional because those statutes violate the separation-of-powers doctrine. *Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424. Those statutes required the attorney general to reclassify sex offenders who were previously classified under Megan's law. In *Gingell*, the Court held that an offender who had been judicially classified as a sexually oriented offender under Megan's law could not be prosecuted for failing to comply with a more restrictive registration requirement imposed after reclassification as a Tier III sex offender under the Adam Walsh Act. *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192.

**¶{7}** The Hamilton County Common Pleas Court overruled Petitioner's motion to withdraw his guilty plea. Petitioner filed a timely notice of appeal. The First Appellate District upheld the trial court's decision:

Clark [Petitioner] alleged that he had been classified in 2006 as a sexually oriented offender under Megan's Law. Pursuant to that classification, he was required to register annually as a sex offender for ten years and to notify the sheriff of any change in his address. By his own admission, Clark had an ongoing duty, which was the same under both versions of R.C. Chapter 2950, to notify the sheriff of any change of address. See *State v. Bowling*, 1st Dist. No. C-100323, 2011-Ohio-4946, *discretionary appeal allowed*, 131 Ohio St.3d 1437, 2012-Ohio-4357; *State v. Freeman*, 1st Dist. No. C-100389, 2011-Ohio-4357. He failed to do so. Therefore, as to the conviction for attempted failure to notify of an address change, Clark has not demonstrated a manifest injustice.

As to the conviction for attempted failure to verify a current address, we hold that, on the state of the record before us, Clark has failed to establish a manifest injustice. There is nothing in the record, other than Clark's bare allegation, to demonstrate that Clark has been classified as a sexually oriented offender under Megan's Law, that he had been reclassified as a tier sex offender under Senate Bill 10, or that he had been prosecuted for failing to comply with a more restrictive registration requirement imposed after reclassification under Senate Bill 10. Based on the record, we cannot say that the trial court abused its discretion in denying Clark's motion to withdraw his guilty plea to the charge of attempted failure to verify a current address.

04/20/12 Judgment Entry from the First Appellate District in Case No. C-1100553.

**¶{8}** That decision was not appealed to the Ohio Supreme Court.

**¶{9}** Petitioner's petition for a writ of habeas corpus is similar to his motion to withdraw his guilty plea in that they are both based on the Ohio Supreme Court's decisions in *Bodyke* and *Gingell*. He asserts that since he could not legally be reclassified from a sexually oriented offender to a Tier III offender and thus, has no

duty to comply with the more stringent reporting requirements, he cannot be lawfully restrained for failing to comply with the reporting requirements for a Tier III offender.

¶{10} A writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or post-conviction relief. *In re Pianowski,* 7th Dist. No. 03MA16, 2003–Ohio–3881, ¶ 3, citing *State ex rel. Pirman v. Money,* 69 Ohio St.3d 591, 593 635 N.E.2d 26 (1994). "Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal." *Smith v. Bradshaw,* 109 Ohio St.3d 50, 2006–Ohio–1829, 845 N.E.2d 516, ¶ 10. "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004–Ohio–5579, 816 N.E.2d 594, ¶ 6.

¶{11} If a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed. *Tucker v. Collins,* 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992). The burden is on the Petitioner to establish a right to release. *Halleck v. Koloski,* 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell,* 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963). In cases where "'it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in proceeding is only error in the "exercise of jurisdiction," as distinguished from the want of jurisdiction in the first instance.'" *Young, supra,* at ¶ 19, quoting *Jimison v. Wilson,* 106 Ohio St.3d 342, 835 N.E.2d 34, 2005–Ohio–5143, ¶ 11, quoting *State v. Filiaggi,* 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999). "'Errors in the exercise of jurisdiction should be raised on direct appeal instead of in habeas corpus.'" *Id.*

¶{12} This is not a proper case to issue a writ of habeas corpus. The Hamilton County Common Pleas Court had subject matter jurisdiction to act and Petitioner had an adequate remedy of law. Petitioner, however, did not take full advantage of the appeal process and/or process to challenge his reclassification. Petitioner could have, but apparently did not, ever challenge his reclassification in the manner that was outlined in the Notice of New Classification and Registration Duties that the Ohio

Attorney General sent to him. Petitioner also did not file a timely appeal from his conviction and sentence for attempted failure to verify a current address and attempted failure to provide notice of an address change. The sentencing entry for those convictions is time-stamped July 6, 2010. *Bodyke* was released June 3, 2010. Thus, the issue of the constitutionality of the reclassification and ability to be found guilty and punished for failing to comply with more stringent reporting requirements could have been raised in a timely direct appeal.

¶{13} As explained above, the sentence issued on July 6, 2010 was a community control sanction, which Petitioner eventually violated. The trial court terminated the community control sanction on March 17, 2011. Petitioner did not file a timely appeal from the termination decision. Rather, he filed a motion for a delayed appeal, which was denied. It does not appear that Petitioner appealed that decision to the Ohio Supreme Court.

¶{14} The only timely appeal Petitioner did file was from the Hamilton County Common Pleas Court's decision that denied his request to withdraw his guilty plea. As referenced above, the First Appellate District affirmed that decision. Whether or not this court agrees with the decision, the means to attack it is through an appeal to the Ohio Supreme Court, not through a petition for a writ of habeas corpus to this court. However, Petitioner did not appeal that decision to the Ohio Supreme Court.

¶{15} Consequently, there were many instances where Petitioner had an adequate remedy at law, but he failed to either pursue it or timely pursue it. Accordingly, Petitioner's petition for a writ of habeas corpus is denied and Respondent's motion to dismiss is granted.

¶{16} Final order. Clerk to serve notice as provided by the Civil Rules.

VUKOVICH, J., concurs.
DONOFRIO, J., concurs.
DeGENARO, J., concurs.