[Cite as *Poling v. Miller*, 2013-Ohio-5171.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

GREGORY YULE POLING,      )
                                         )     CASE NO. 13 BE 4

     PETITIONER,          )
                                         )

     - VS -                 )        OPINION
                                         )        AND

MICHELE MILLER, WARDEN,     )   JUDGMENT ENTRY
                                         )

     RESPONDENT.       )

CHARACTER OF PROCEEDINGS:     Petition for Writ of Habeas Corpus

JUDGMENT:                         Petition Denied. Respondent's
                                      Motion to Dismiss Granted.

APPEARANCES:
For Petitioner:                      Gregory Yule Poling, Pro-se
                                      Inmate #572-900
                                      Belmont Correctional Institution
                                      P.O. Box 540
                                      St. Clairsville, OH 43950

For Respondent:                    Mike DeWine
                                      Ohio Attorney General
                                      M. Scott Criss
                                      Assistant Attorney General
                                      Ohio Attorney General's Office
                                      Criminal Justice Section
                                      150 East Gay Street, 16th Floor
                                      Columbus, OH 43215

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                       Dated: October 28, 2013

PER CURIAM.

{¶1}    On March 15, 2013, Petitioner Gregory Yule Poling, by and through counsel, filed a Petition for Writ of Habeas Corpus.  Respondent Michele Miller, Warden, Belmont Correctional Institution, filed a motion to dismiss on May 3, 2013.  For the reasons herein expressed, Poling's Petition for Writ of Habeas Corpus is denied, and Respondent's Motion to Dismiss is granted**.**

{¶2}    A writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or post-conviction relief.  *In re Pianowski,* 7th Dist. No. 03 MA 16, 2003-Ohio-3881, ¶3, citing *State ex rel. Pirman v. Money,* 69 Ohio St.3d 591, 593 635 N.E.2d 26 (1994).  "Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal."  *Smith v. Bradshaw,* 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶10.  "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law."  *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶6.

{¶3}    On December 4, 2006, Poling pled guilty to one count of rape in the Portage County Court of Common Pleas and was sentenced to a three-year prison term.  Poling was classified as a sexually oriented offender and required to register once annually for a period of 10 years under what was then known as Megan's Law.

{¶4}    "In 2007, Ohio's statutory scheme for classification and registration of sex offenders was significantly amended by Senate Bill 10, which is commonly known as the Adam Walsh Act."  *Clark v. Miller*, 7th Dist. No. 12 BE 32, 2012-Ohio-5606, ¶3.  "Under the provisions of Senate Bill 10, judges had no discretion in the classification of and registration requirements imposed upon sex offenders."  *Id.*  "Rather, offenders were automatically classified as either Tier I, Tier II, or Tier III offenders based solely upon the offense committed."  *Bodyke, infra,* ¶21-22.  "Because classification was automatic, the need for a classification hearing was dispensed with under Senate Bill 10."  *Clark,* at ¶3.

"Once an offender was classified in the appropriate tier, he or she must register accordingly." *Bodyke,* at ¶3. "The registration and reporting requirements were more expansive under Senate Bill 10 than the former scheme, and also required registration for lengthier periods of time." *Id.*

{¶5} In 2007, while still incarcerated, Poling was reclassified pursuant to Senate Bill 10 from a sexually oriented offender to a Tier III offender. He was required to register every 90 days for life and to provide written notice to the sheriff at least 20 days prior to changing his address. Thus, his reclassification increased the frequency and number of years he was required to report. Poling completed his sentence for the 2006 conviction in January, 2009.

{¶6} On August 10, 2009, Poling was indicted for failing to comply with the registration and notification requirements pursuant to R.C. 2950.05(A) as amended by Senate Bill 10. Poling was found guilty by a jury and sentenced by the Stark County Common Pleas Court to a prison term of ten years. He appealed that decision to the Fifth District arguing his conviction was against the manifest weight of the evidence and that the trial court abused it's discretion in sentencing him to the maximum sentence. The Fifth District court affirmed on June 28, 2010. *See State v. Poling,* No. 2009-CA-0264, 2010-Ohio-3108, discretionary appeal not allowed*,* 126 Ohio St.3d 1602, 2010-Ohio-4928, 935 N.E.2d 47 (*Poling I*).

{¶7} In December 2010, Poling moved to reopen his appeal challenging his conviction and sentence based upon the Ohio Supreme Court's decision in *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. In *Bodyke*, the Court held that R.C. 2950.031 and 2950.032 were unconstitutional because those statutes violated the separation-of-powers doctrine. *Id.* at syllabus. Those statutes required the attorney general to reclassify sex offenders who were previously judicially classified under Megan's Law, as Poling had been. Poling argued that his violation for failing to register a change of address would have been a third degree felony under Megan's Law, subject to a sentence of three years. However, because his violation occurred in 2009, he was charged and convicted of a first degree felony offense pursuant to Senate Bill 10 and

received the maximum sentence of ten years. The Fifth District found that the increased penalties of R.C. 2950.99 did not violate the prohibition against retroactive laws so long as the changes in the law were effective prior to the registration offense. Poling's conviction and sentence were affirmed. *See State v. Poling,* 5th Dist. No.2009-CA-0264, 2011-Ohio-3201 (*Poling* II). This decision was not appealed to the Ohio Supreme Court.

{¶8} On December 6, 2012, the Ohio Supreme Court issued it's decision in *State v. Howard*, 134 Ohio St.3d 647, 2012-Ohio-5738, 983 N.E.2d 341. In *Howard*, the Court held that for a defendant whose sex-offender classification was determined under Megan's Law, the penalty for a violation of the reporting requirements of former R.C. 2950.05 is the penalty provision that existed on the date appellant was originally classified under Megan's Law. *Id.* at 19. Poling, however, was sentenced to the penalty provisions of Senate Bill 10 which were substantially greater.

{¶9} If a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed. *Tucker v. Collins,* 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992). The burden is on the Petitioner to establish a right to release. *Halleck v. Koloski,* 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell,* 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963). In cases where " 'it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in proceeding is only error in the "exercise of jurisdiction," as distinguished from the want of jurisdiction in the first instance.' " *Jimison v. Wilson,* 106 Ohio St.3d 342, 835 N.E.2d 34, 2005-Ohio-5143, ¶11, quoting *State v. Filiaggi,* 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999). "Errors in the exercise of jurisdiction should be raised on direct appeal instead of in habeas corpus." *Id.* citing *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, syllabus.

{¶10} This is not a proper case to issue a writ of habeas corpus. The Stark County Common Pleas Court had subject matter jurisdiction to act. Poling had an adequate remedy of law; specifically, by filing an appeal from the decision in *Poling* II to the Ohio Supreme Court. While *Howard* may now provide the relief Poling seeks, the

means to achieve it is not through a petition for a writ of habeas corpus to this court.

**{¶11}** Accordingly, Poling's petition for a writ of habeas corpus is denied and Respondent's motion to dismiss is granted. Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules. Donofrio, J., concurs, see concurring opinion.

DeGenaro, P.J., concurs.

Vukovich, J., concurs.


DONOFRIO, J. concurring.

**{¶12}** I respectfully concur with the majority opinion and judgment entry herein but would also add that, in addition to direct appeal, other available legal remedies include post-trial motions and post conviction proceedings. *State v. Howard* 134 Ohio St.3d 647 clearly provides relief for Petitioner.